Daniel, J.
 

 In this inquisition upon
 
 a forcible detainer
 
 the jury “do find that Jane Fleming, (therelator,) was in the peaceable and uninterrupted possession of the premises claimed by her for many years, and that lately, heretofore, Charles Mitchell did enter upon the same, and is now in possession of the same, and
 
 the
 
 same doth hold forcibly with a strong arm, &c.” It is true, the justices certify that certain evidence was given, “from which it appeared satisfactorily to the justices and the jury, that the relator had a right as tenant for life, to the possession of the same.” But the inquisition of the jury is afterwards given distinctly in the very words of the jury and signed by the jury, and in it nothing of that kind appears, but it is in the words already quoted. Upon the finding of the jury thus set forth, the two justices Who held the inquisition, issued a writ of restitution to the Sheriff, who restored the relator to the possession. The Judge was of opinion that the writ of restitution should not have been awarded upon this finding by the jury, and he ordered re-restitution to be made. We are of opinion that the Judge was right. The second section of the act, (Rev. St. c. 49,) authorizes the justice or justices, who hold the in
 
 *128
 
 quisition, when the jury shall find the force as charged, to the party put out to be re-seized or re-possessed of the land so entered and holden as aforesaid ; and the said party he put in full possession of the said lands and tenements. But it is to be observed, that it is not upon every dispossession, either by a forcible entry or a forcible detainer, that a writ of restitution is to be awarded. By the 6th section of that statute, this writ is to be granted, only when the relator has a freehold estate, or a term for years in the land. And before the writ of restitution can be granted, the jury must find in their verdict that the relator had one or the other of these estates in the land. In this case, the jury did not find that Jane Fleming had either a freehold estate or a term for years. She might have been only a tenant at will, and then the writ of restitution could not legally have issued.
 
 State
 
 v
 
 Nations,
 
 1 Ired. Rep. 377. The judgment must be ciffirmed.
 

 Per Curiam. . Judgment affirmed.