## P. N DULIN vs WALKER HOWARD.

1. Proceedings taken before a Justice of the Peace to recover the possession of real estate where the title comes in question are not absolute nullities.

2. The defendant may so treat them, but it does not follow that the plaintiff who initiated and took the benefit of them, can.

3. When one is deprived of his land under color of judicial proceedings heard before such Justice, although jurisdiction is absolutely withheld from such Justice, on general principles the Superior Courts on appeal, have a right to award him restitution.

4. Nor was the Superior Court confined, in dispensing the law on appeal, to mere restitution, but could also have allowed, had it been applied for, an inquiry of damages.

This was an appeal from a Justice's Court, heard before His Honor Judge Cannon, at Fall Term, 1871, of Davie Superior Court.

The plaintiff had commenced proceedings, by virtue of a purchase at execution sale, of certain realty, sold as the property

28

of the defendant under sec. 31, chap. 159, Acts of 1868–'69, before a Justice's Court, and obtained judgment and was put into possession.

These proceedings were completed before the case of *Credle v. Gibbs*, 65 N. C. R. 192, was decided.

The defendant appealed from the judgment of the Justice to the Superior Court.

In that Court the defendant moved to quash the proceedings and for a writ of restitution. His Honor held that the Justice had no jurisdiction, and that the proceedings were null and void, and ordered them to be quashed and a writ of restitution to issue.

From this judgment the defendant appealed.

*W. H. Bailey* for the appellant.

By virtue of the decision of *Credle v. Gibbs*, 65 N. C. R. 192, a Justice of the Peace has no jurisdiction.

He is debarred jurisdiction; it is absolutely and entirely withheld.

Hence *quoad hoc*, his judgment has no greater or other effect than if he were a private person.

In the language of the law, his action from first to last was a nullity.

There being no foundation no superstructure can be raised. *Burroughs v. McNeill*, 2 D. & B. Eq. 297. *McNamara on Nullities*, pp. 3, 6 and 137.

*Fowle* for the appellee.

RODMAN, J. The defendant contends that the proceedings before the Justice, being upon a matter beyond his jurisdiction, are nullities, and are as absolutely void as if they had not been had.

We agree that the defendant may treat them so, but it does

not follow that the plaintiff who initiated and has taken the benefit of them can. He cannot take advantage of his own wrong. If the rule were absolute as contended for, no appeal could be had from the Justice's judgment, and the Superior Court should have dismissed the defendant's appeal at his costs. The defendant has been deprived of the possession of his land by color of judicial proceedings, and we think on general principles the Superior Court has the right, which it would have been an injustice not to have exercised, to give him restitution. In addition, this duty is expressly prescribed by sec. 27 of the Landlord and Tenant, Act 1868–69, ch. 156, p. 355.

We think that the defendant was entitled not only to restitution of the possession, but if he had asked for it, to an inquiry as to the damages he had sustained by being deprived of it. We find this decided upon the reversal of a judgment for error in *Sympson* v. *Juxon*, Cro. James 698. Sec. 30 of the Landlord and Tenant Act, gives a defendant damages if he has been turned out of possession by a proceeding which is quashed; and there can be no reason why he should be put to a separate action to recover them.

There is no error.

PER CURIAM.                          Judgment affirmed.