# Charleston.

## Thomas Creigh *et al. vs.* David Hedrick, use, &c.

### January Term, 1872.

1. Where one of several defendants appears and files a plea to an action of debt, which sets up no defense as to any but himself, and no plea is entered for or by the co-defendants, the office judgment is not set aside as to any of the parties but the one who moves so to do, and judgment becomes final against all others on the last day of the term at which the case is docketed.
2. If an obligor in a bond who stands in the relation of surety, gives notice to bring suit on it, and subsequently consents to the dismissing thereof, he remains bound as surety without any new promise.
3. One or more of a number of obligors has a right to show that he or they stand in the relation of surety on the bond, by parol testimony.

Action of debt in the circuit court of Greenbrier county. Declaration filed March rules, 1867, in the name of David Hedrick for use of Tuckwiller, against Thomas Creigh, Thomas L. Feamster and W. H. Montgomery.

The cause came on the docket at April term, 1867, and on motion of the defendants the judgment entered at rules was set aside, whereupon they filed three special pleas, to which the plaintiff, at that time, replied generally. It appears by the record, that Feamster and Montgomery only, of the defendants, filed these pleas. The substance of all these pleas was that the defendants Feamster and Montgomery were the sureties of Creigh, and that sometime before suit was brought defendant Montgomery gave notice to plaintiff to bring suit on the bond without delay, which he failed to do, and thereby they were both discharged. Defendant Montgomery also pleaded that he gave notice in writing, as the surety of Creigh and Feamster, to the plaintiff to bring suit, which he did, but that the same was soon after dismissed without judgment, and no further proceedings were afterward had for a long space of time.

The plaintiff subsequently withdrew his general replication and replied specially to all of the pleas, in substance that the defendants Feamster and Montgomery were not sureties of Creigh, and did not give notice to bring suit on the bond; that if notice was ever given, suit was brought, and if dismissed, it was at the defendants' instance. And also that he did, on notice being given, bring suit and afterwards at the direction of Montgomery he did dismiss it.

A trial was had at December term, 1869. Verdict and judgment for the plaintiff, against all of the defendants. Before the trial, Creigh offered a plea that he had filed a petition in bankruptcy since the institution of the suit, and that the proceedings should be suspended as to him, which on motion of the plaintiff was rejected as coming too late.

To the various pleas and replications, objections were made and sustained or overruled, and such motions as were considered in this court appear in the opinion of Judge Maxwell.

An exception was taken by the defendant, during the progress of the trial, to the refusal of the court to permit the defendant Montgomery to prove, by parol testimony, that the obligors in the bond were not principals, as the bond on its face purported, but that defendant Montgomery was merely the security of Creigh. The bond was as follows:

[$900.]

Twelve months after date, we, or either of us, promise and bind ourselves, our heirs &c., to pay David Hedrick, the just and full sum of nine hundred dollars, for value received. As witness our hands and seals, with interest from date, this the 1st day of March, 1859.       THOS. CREIGH.       [SEAL.]
                                                  THOS. L. FEAMSTER.    [SEAL.]
                                                  WM. H. MONTGOMERY.   [SEAL.]

The defendants brought the case to this court.

*Dennis, Price & Sperry, Snyder* and *Davis* for plaintiffs in error.

*Mathews & Mathews* and *Harris* for the defendant in error.

MAXWELL, J. This was an action of debt in the name of Hedrick, who sued for the use of Tuckwiller, to recover from Creigh, Feamster and Montgomery, the amount of a certain writing obligatory for nine hundred dollars, with interest thereon. The case was on the docket for the first time at the

April term, 1867, of the circuit court, when an order was made reciting that the parties came by their attorneys, and on motion of the defendants, the judgment entered at rules in the clerk's office was set aside; whereupon they filed their special pleas, to which the plaintiff replied generally, and the cause was continued.

It is now insisted here that by this order the office judgment had at rules against Creigh, was not set aside, but that it became final on the last day of that term of the court. The language of the order is broad enough to include all of the defendants, but so far as can be gathered from the record the pleas filed at that term were filed by the defendants Feamster and Montgomery only, so that it must be intended they are the only defendants referred to. Moreover the pleas filed by Feamster and Montgomery could not have been received to set aside the office judgment against Creigh, as they set up no defense as to him. Code of Virginia, 1860, p. 714, ch. 171, sec. 45; *Ender* vs. *Burch*, 15 Gratt., 64; *Alderson* vs. *Grimm*, 3 W. Va., 229; *Hinton* vs. *Ballard*, 4 W. Va., 582. It must be held, that the judgment against Creigh became final on the last day of the April term, 1867, of the circuit court, and all the proceedings had in the cause subsequent to that time, in respect to Creigh, are nullities. It is claimed that it was error not to overrule the special replications to the third and fourth special pleas of the defendant Montgomery. These replications admit the bringing of the suit, but aver that it was dismissed by consent of the said defendant; but it is insisted that it should be averred that the said defendant promised that if the suit was dismissed he would still stand bound. If the defendant Montgomery had given the notice, which made the plaintiff bring his suit, he might waive his right under the statute by consenting that the suit be dismissed, and remain bound as surety without any new promise. There is, therefore, nothing in the objection.

It is claimed that the court erred in excluding the evidence from the jury to show that Montgomery was the surety of Creigh.

On the part of the appellee it is insisted that the defendants were estopped by their bond from proving that they were sureties merely and not principals. The cases cited by

counsel for appellee were cases in which it appeared on the face of the bond that the parties were bound "as principals," as in the case of *Sprigg* vs. *The Bank of Mount Pleasant*, reported in 10 Peters, 257, and again in 14 Peters, 201, or cases in which the defense was attempted to be made in a manner not allowed in the jurisdiction in which the cases occurred, none of which have any application to the case here.

The first section of chapter 101 of the Code, p. 541, which has been in force ever since 1794, in some form allows a surety, guarantor or endorser, by notice in writing to require the creditor to sue, which he must do in a reasonable time.

In the case of *Wrights, adm'r.,* vs. *Stockton,* 5 Leigh, a defense arising under this statute was made at law. As the evidence offered by the appellant was not inconsistent with the face of the bond, it was error in the court to refuse to admit it, for which the judgment complained of will have to be reversed with costs to the appellants, and the cause remanded for a new trial to be had.

The other judges concurred.

JUDGMENT REVERSED.