Upon the hearing, the defendant's counsel moved to quash the proceedings and for a writ of restitution of the land, of which the plaintiffs had obtained possession under a writ of possession issued between the time when the appeal was prayed and the appeal bond given — the morning thereafter — on the ground of the want of jurisdiction of the Justice.
The plaintiff made no resistance to the motion to quash, which was granted by the Judge, but resisted the motion for an order for a writ of restitution, and proposed to show that plaintiff had title to the land and the defendant was a trespasser. The defendant insisted that he was entitled to the writ, and that the evidence offered was inadmissible.
The Court was of opinion that the issuing of the writ was within the discretion of the Court, and in exercising that, declined to grant the motion for restitution. From this refusal the defendant appealed.
Whenever a party is put out of possession by process of law, and the proceedings are adjudged void, an order for a writ of restitution is a part of the judgment.
Mr. Fowle says: "The affidavit on which the summons issued states that the defendant entered as a trespasser, and the motion to quash for want of jurisdiction admits the fact, that the defendant (539) *Page 436 
is a trespasser. Will the Court countenance a trespasser by restoring the possession to him?"
Reply. The proceeding is not simply void for some irregularity, but was void ab initio, for the want of jurisdiction; so the plaintiffs get into possession by an abuse of the process of the law. Can the Court countenance an abuse of the process of the law, by permitting the plaintiffs to retain the fruit of their wrongful act? The only mode to prevent such abuses of judicial process is to put the parties in statu quo.
In The King v. Wilson, 3 Adol. and Ell., 817, 30 Eng., C. S. rep. 228, it is said by the Court: "It has been said, that the Court will not do this, (that is, order a writ of restitution) unless the party unlawfully dispossessed, should appear to have title to the premises; a most inconvenient inquiry, upon affidavits, and a course full of danger to the public peace as protecting the executing of an unlawful sentence."
In Watson v. Trustees 47 N.C. 212, the Court say: "We are satisfied that the general rule has been to grant the writ of restitution, upon quashing the proceedings on a conviction under the statute of Forcible Entry and Detainer." And the Court, inasmuch as "the writ is not demandable, ex rigore juris," under the very peculiar circumstances of the case brought to the notice of the Court by the finding of the inquisition, and the petition of the defendant for the writ of recordari, held that the Judge in the Court below ought to have refused to order the writ of restitution.
In Mitchell v. Fleming, 25 N.C. 128, the proceedings being quashed, the writ of restitution was ordered as a matter of course.
In our case, without giving any reason, or finding any fact, and without evidence, the Judge says: "ecce volo," and refuses to make an ordinary part of the judgment quashing the proceedings.
 The error is too palpable to admit of discussion. Dulin v. Howard, 66 N.C. 433.
(540) Judgment reversed. This will be certified to the end that a writ of restitution may issue.
PER CURIAM. Judgment reversed.
Sc. 71 N.C. 386; McMillan v. Love, 72 N.C. 19; Heath v. Bishop,72 N.C. 457; Perry v. Shepperd, 78 N.C. 87; Lane v. Morton, 81 N.C. 41;Manix v. Howard, 82 N.C. 129; Meroney v. Wright, 84 N.C. 339; Devries v.Summit, 86 N.C. 134; Cottingham v. McKay, 86 N.C. 244; Reed v. Exum,86 N.C. 726; Noville v. Dew, 94 N.C. 47; Lytle v. Lytle, 94 N.C. 525; RR v.RR, 108 N.C. 306; Robinson v. McDowell, 125 N.C. 344; Mfg. Co. v. Rhodes,152 N.C. 637. *Page 437