GIDEON PERRY and others v. H. M. TUPPER.

Where the defendant has been put out of the possession of certain premises by an abuse of the process of the law, and this Court has ordered the Superior Court to issue a writ of restitution, the possession must be restored to the defendant before the Court will entertain an application for an injunction, or pass upon the further rights of the parties.

(See the preceding case, against the same parties.)

This was a CIVIL ACTION, instituted after the decision in the preceding case, tried before *Watts, J.,* on an application for a restraining order, at Spring Term, 1874, of WAKE Superior Court.

This action was brought on the part of the plaintiffs, pray-

ing to have certain corrections made in a deed executed by defendant and wife, to them as trustees of the second Baptist Church in the city of Raleigh, and to have cancelled a certain lease alleged to be held by defendant from some of the trustees; and also applying for an injunction against the issuing a writ of restitution from the Superior Court in favor of defendant, and which was ordered by this Court at the last (January) Term.

His Honor refused to grant the injunction when the application was first made, but made a rule on the defendant to show cause why the application should not be granted on a day certain, to wit, 3d July, 1874. On that day, after hearing the complaint, answer and exhibits, his Honor granted the plaintiff's application and ordered the injunction to issue, restraining the defendant from proceeding further with his writ of restitution until the final hearing of the cause upon the merits.

From this order the defendant appealed.

*Smith & Strong*, and *Haywood* and *Rogers*, for appellant. *Fowle* and *A. M. Lewis*, contra.

READE, J. The defendant had been wrongfully turned out of the possession of the premises under proceedings for alleged forcible entry and detainer, and at the last term of this Court a writ of restitution was ordered. See *Perry v. Tupper*, 70 N. C. Rep. 538.

This action is for the same premises, and pending the action, an injunction is asked for to restrain the defendant from suing out his writ of restitution awarded at last term. And his Honor ordered the injunction to issue, and the defendant appealed. Nothing new has occurred since the writ of restitution was awarded; but in this action, the plaintiffs allege that the defendant's title papers were fraudulently obtained and it is sought to set them aside, which accounts for the action being brought while the plaintiff is in possession.

The writ of possession must issue as a matter of course.

The defendant having been put out of possession by an abuse of the process of the law, the law must be just to itself, as well as to the defendant, by restoring him to that of which he was wrongfully deprived. When the defendant is restored to the possession, then, and not till then, will the Court be in condition in which it can honorably to itself, pass upon the further rights of the parties. This is sufficiently explained in a case between the same parties at this term, upon a motion to rehear the order for writ of restitution at last term. And see the *King* v. *Wilson,* 30 Eng. C. L. R.; .3 Adol. & Ellis, p. 229 at 238.

There was error in the order appealed from granting the injunction.

Let this certified.

PER CURIAM.                                          Order reversed.