GIDEON PERRY and others *v.* H. M. TUPPER.

Where a party has been put out of possession of land by an abuse of the process of the law, there must be restitution as a matter of course, unless some new matter has intervened in the mean time.    And until restitution is made no application for an injunction will be entertained by the Court.

This is a branch of the preceding case, demanding the same relief heard upon the application for an injunction by his Honor, *Judge Watts*, at Chambers, on the 9th April, 1874, in Wake county.

The facts of this case are those of the preceding.    When the application for the injunction was first made, as stated in that case, his Honor refused to grant it; and from this refusal the plaintiffs appealed.

PERRY *et al. v.* TUPPER.

*Fowle* and *Lewis,* for appellants.
*Smith & Strong, Haywood* and *Rogers,* contra.

READE, J.   This is a branch of a case between the same parties at this term.   In that case the Judge granted an injunction and the defendant appealed.   In this case the plaintiff appealed from the refusal of the Judge to grant a restraining order at an earlier stage of the case.

We think his Honor was right in refusing the restraining order.   Our reasons for this opinion will be found in the other branch of the case at this term.

Where a party has been put out of possession of land by an abuse of the process of the law, there must be restitution as a matter of course, unless some new matter has intervened in the meantime.

There is no error.   Let this be certified.

PER CURIAM.                              Judgment affirmed.