### J. S. HEATH *v.* W. A. BISHOP.

A defendant, whose land has been sold by the sheriff, under an execution issuing without proper authority, and who has been dispossessed by the purchaser at the sheriff's sale, under summary proceedings before a justice, has a right to have a writ of Restitution and to be put into the possession of his land so sold.

(*Perry* v. *Tupper*, 70 N. C. Rep. 538; and *same case*, 71 N. C. Rep. 380, cited and approved.)

CIVIL ACTION, originally commenced before a Justice of the Peace and carried by a Recordari to the Superior Court of TRANSYLVANIA county, where it was tried before his Honor, Judge *Cannon*, at Fall Term, 1874.

The facts are substantially the following:

A judgment was obtained by the plaintiff against the defendant on the 22d day of May, 1871, for $11.22, which was docketed and thus became a judgment of the Superior Court, August 12th, 1871. Execution issued thereon to the sheriff of Transylvania, who levied it upon the land of the defendant, and sold the same at public sale, at which sale the plaintiff became the purchaser, taking a deed from the sheriff.

The defendant refusing to deliver up the possession, the plaintiff, under section 31, chapter 156, Acts of 1868–'69, instituted summary proceedings before a Justice of the Peace of the county for possession. At the trial, the defendant denied the right of the plaintiff to recover, but offering no evidence,

the Justice gave judgment against him. From this judgment defendant prayed an appeal, paid the Justice his fees for such appeal and deposited a bond with the Clerk of the Superior Court. The record was sent up by the Justice of the Peace to the Superior Court, but the Clerk of that Court, not having received his fees, declined to enter the appeal on his docket, and returned the papers to the Magistrate.

As grounds of appeal, the defendant relied upon defects in the original summons; the fact that the judgment was for a less sum than $25, and therefore, he insisted, could not be docketed, and for want of jurisdiction. The defendant offered no evidence attacking the validity of the first judgment, or the regularity of the sheriff's sale under the same, which was admitted, with the exception of the right to docket the Justice's judgment for $11.22.

The Justice issued a writ of possession upon the return of the papers to him, and ousted the defendant, who at once petitioned for a writ of *recordari*, which was granted. Upon the return of the writ, and the cause coming on to be heard, his Honor, ordering the case to be docketed, reversed the Justice's judgment and directed that a writ of restitution issue. From this judgment, the plaintiff appealed.

*M. E. Carter*, for appellant.
*A. T. & T. F. Davidson*, contra.

READE, J. In *Perry* v. *Tupper*, 70 N. C. Rep., 538, and in the same case, 71 N. C. Rep., 380 and 383, it was decided that a party put out of the possession of land by an abuse of the process of law, is entitled to a writ of restitution as a matter of course, unless some new matter has intervened in the meantime. And that is decisive of this case.

There is no error. This will be certified.

PER CURIAM.                    Judgment affirmed.