R. H. LANE v. D. W. MORTON.

*Practice— Writ of Restitution—Non-Suit.*

Whenever a defendant is wrongfully dispossessed of his land by legal process, he is entitled to a writ of restitution and an inquisition of damages *in that action,* of which the plaintiff is not permitted to deprive him by taking a non-suit.

(*Dulin* v. *Howard,* 66 N. C., 433; *Perry* v. *Tupper,* 70 N. C., 538, cited and approved.)

CIVIL ACTION tried at Spring Term, 1879, of PAMLICO
Superior Court, before *Avery, J.*

This action was brought before a justice of the peace
under the landlord and tenant act, to recover possession of
land and judgment rendered for plaintiff. The case was
taken to the superior court by writ of *recordari,* and at spring
term, 1877, before *Moore, J.,* the defendant suggested that as
the title to the land was in controversy, the justice of the
peace had no jurisdiction, which question of jurisdiction
had been raised before the justice verbally, the defendant
having no counsel present and the justice refusing to exam-
ine any witnesses touching the matter. And under the
suggestion of the court to the counsel of defendant the case
was remanded to the justice's court to enable defendant to
answer in writing. The justice took no action in the
premises, and thereupon the defendant obtained a *mandamus*
compelling him to proceed and try the case. In obedience
thereto he notified the parties to appear before him, when
the defendant asked leave to file an answer in writing rais-
ing the question of jurisdiction, which was refused and de-
fendant appealed to fall term, 1877, when the motion for
leave to file the answer aforesaid was allowed by *Eure, J.,*
and the plaintiff appealed. (See same case, 78 N. C., 7.)
And at spring term, 1879, before His Honor the plaintiff
stated that he would take a nonsuit, which was objected to
by defendant upon the ground that he was entitled to an
order for a writ of restitution and assessment of damages
by a jury for the rents and profits of the land. In reply,
the plaintiff contended that the defendant asked for no
affirmative relief in his answer, and that he, plaintiff, was
not prepared to go into an inquiry of damages. Thereupon
the court ordered a writ to issue to place defendant in pos-
session of the land described in the pleadings, and that
issues be framed for trial at the next term of the court as to

the amount of damages sustained by defendant for rents and profits. From this judgment the plaintiff appealed.

No counsel in this court for plaintiff.
*Mr. W. E. Clarke*, for defendant.

SMITH, C. J. When the case was before us at January term, 1878, (78 N. C., 7,) it was decided that the defendant might with consent of the court, file his answer in the superior court, which he had offered to do, and was not allowed to do while it was pending before the justice.

In accordance with this decision the answer was put in in the superior court, and thereupon the plaintiff proposed to submit to a non-suit. This was resisted by the defendant, who moved for a writ of restitution of the lands of which he had been dispossessed by a writ of possession before granted the plaintiff, and that a jury might be impaneled to assess his damages by reason thereof. The court refused to allow the non-suit, and adjudged that a writ of restitution issue, and that issues be framed for trial at the next term as to the damages sustained by the defendant for rents and profits. From this judgment the plaintiff appeals.

We see no error in the record. The defendant had been wrongfully deprived of the possession of his lands by the action of the justice in an early stage of the proceedings, and when they were depending before him, and it was the right of the defendant to have, and the duty of the court, before ending the action, to restore that possession and to allow compensation to him for the injury done. For this purpose the cause was properly retained, and, to meet the plaintiff's suggestion that he was unprepared to try the question of damages, an issue ordered to be made up to be tried before a jury at next term. The ruling is supported by authority.

"We think," say the court in *Dulin* v. *Howard,* 66 N. C., 433, the facts of which are similar, "that the defendant was entitled not only to restitution of the possession, but if he had asked for it, to an enquiry as to the damages he had sustained by being deprived of it." Whenever a party is put out of possession by process of law, and the proceedings are adjudged void, an order for a writ of restitution is a part of the judgment. *Perry* v. *Tupper,* 70 N. C., 538.

There is no error, and this will be certified to the end that the writ of restitution be awarded, and proceedings had in the cause according to law as declared in this opinion.

No error.                              Affirmed.