THOMAS J. MERONEY v. JOHN L. WRIGHT.

*Summary Ejectment—Writ of Restitution.*

On trial of summary ejectment before a justice of the peace, judgment was rendered for plaintiff who was put into possession; on appeal, the superior court decided against the plaintiff upon the ground that the lease had not terminated; and on appeal to this court the judgment was affirmed; *Held* that the defendant is entitled to a writ of restitution as a part of the judgment in his favor and damages for use and occupation of the premises by plaintiff, and that the court below erred in permitting an inquiry into the question as to the termination of the lease before the former trial.

(*Meroney* v. *Wright*, 81 N. C., 390; *Perry* v. *Tupper*, 70 N. C., 538, and 71 N. C., 385, cited and approved.)

MOTION in a proceeding under the landlord and tenant act for an inquiry to ascertain damages sustained by defendant for his eviction, heard at August Special Term, 1880, of ROWAN Superior Court, before *McKoy, J.*

Motion refused, judgment in favor of plaintiff for costs, appeal by defendant.

*Messrs. J. M. McCorkle* and *J. W. Mauney,* for plaintiff.
No counsel for defendant.

SMITH, C. J.   The plaintiff commenced his action on January 14th, 1878, before a justice of the peace, against the defendant, his lessee, as he alleges in his accompanying affidavit, who is holding over after the expiration of the term and refuses to surrender, for the possession of a lot in the town of Salisbury, under the provisions of the act of 1869 in relation to landlord and tenant.   Bat. Rev., ch. 64.

The defendant denied the tenancy, and on the trial the justice gave judgment for the plaintiff, awarding the writ under which, on the 28th day of the next month, he was

put in possession. On the rehearing of the cause, on the defendant's appeal in the superior court of Rowan, at spring term, 1879, upon an intimation from the court that the plaintiff, upon his own showing, was not entitled to recover, he submitted to a non-suit; and the court adjudged that the defendant recover his costs, and directed a writ to issue restoring the premises to him. Thereupon the plaintiff appealed to this court and entered into an undertaking with sureties " that during the possession of said property by the plaintiff, he will not commit nor suffer to be committed any waste therein, and that, if the judgment be affirmed, *the plaintiff will pay to the defendant, John L. Wright, the value of the use and occupation of the property from the spring term,* 1879, *of said court until the delivery of possession thereof to the defendant*," under the requirements of section 307 of the Code.

In this court the judgment was affirmed for the reason assigned in the court below, that the lease did not terminate by default in the monthly payment of rent, in the absence of any stipulation to that effect. *Meroney* v. *Wright,* 81 N. C., 390. At a special term of the court, held in August, 1880, an issue as to " the value of the use and occupation " of the premises during the period specified in the undertaking, was prepared and submitted to the jury, who assess the monthly value at six dollars. At the same time, the court, against the defendant's objection, entertained the enquiry and heard evidence to show that the lease had terminated before the former trial, and thereupon, the defendant declining to produce any himself, adjudged that the defendant was not entitled to the writ of restitution, nor to compensation for the plaintiff's occupation of the lot after the appeal, and refused the defendant's motion for either, with costs. From this ruling the defendant's appeal again brings the case up for review.

We think there is manifest error in refusing the relief demanded, and disregarding alike the former judgment of this

22

court affirming that rendered below, and the express stipulations of the plaintiff's undertaking, whereby he was enabled to retain the possession for the period during which he and his sureties were to be accountable for rent. The contract is positive and explicit, that failing in the appeal, the plaintiff will pay the rent thereafter accruing, until the land is restored to the defendant, without qualification or condition of any kind. The cause was at an end by the decision on the appeal and remained only for the purpose of restitution to the party from whom the land had been wrongfully taken, and awarding him compensation therefor at least during the period in which it was withheld in consequence of the appeal. The title cannot again be drawn in controversy in an action already determined adversely to the plaintiff and in those final necessary proceedings to give effect to the judgment. If the possession of the lot had not been originally taken under the justice's process and delivered to the plaintiff at his own instance, no responsibility for its use would have been incurred; and if the deprivation of the defendant had not been prolonged by a fruitless appeal, and thus a prompt restitution prevented, there would have been no undertaking required, imposing the obligation now to be enforced. The compensation is but a substitute for the occupation and the measure of its value, of which the appellee is deprived by reason of the appeal. To allow the results of a suit to be lost to the prevailing litigant, as is done by the ruling of the court, is in substance to convert an unsuccessful into a successful action by proceedings subsequent to its determination without a reversal of the final judgment, and thus enable the plaintiff to retain property, the possession of which he has acquired by the action of the court during the pendency of his suit, and which by the decision of the court he has no right to recover. If he had been content to prosecute his action and leave the defendant undisturbed in his occupation until the rights of the

parties were determined, his failure would have left the matter as it was before, and the redress provided, because of the dispossession, accomplishes the same practical result.

But if the question of title could arise as affecting the claim for damages, it should have been, as a material fact, also submitted to the jury in presence of the defendant's objection and refusal to introduce evidence, and the court should not have undertaken itself to pass upon the point; and this would be to re-open a closed controversy which puts the plaintiff out of court.

We do not mean to say that the awarding damages to the defendant for the use of the premises will bar the plaintiff's right, in another action for the recovery of possession, to demand damages from defendant for the wrongful withholding by the defendant even during the period for which he must make compensation to the defendant in this, since the latter is thus placed in the exact relation to the plaintiff as if his possession had never been interrupted.

The judgment rendered at spring term when the nonsuit was entered, after (as His Honor now finds) the expiration of the lease, was that restitution be made and this was affirmed on the appeal. The denial of the motion for restitution is in direct opposition to that judgment.

" Whenever a party is put out of possession by process of law and the proceedings are adjudged void," says the late chief justice, " an order for a writ of restitution is a *part of the judgment.*" *Perry* v. *Tupper*, 70 N. C., 538. And again. when the same matter subsequently came before the court, READE, J., thus expresses the opinion : " The defendant having been put out of possession by an abuse of the process of the law, the law must be just to itself as well as to the defendant by restoring him to that of which he was wrongfully deprived. *When the defendant is restored to the possession, then, and not till then* will the court be in condition.

in which it can, honorably to itself, pass upon the further rights of the parties." *Perry* v. *Tupper*, 71 N. C., 385.

These observations seem entirely appropriate to the facts of the present case.

We therefore declare there is error and the ruling in the court below must be reversed, and the cause will then proceed in accordance with this opinion, and to this end let it be certified.

Error.                                                    Reversed.