JOS. WILLIAMS v. TYRE GLENN, Executor.

*Evidence—Parol to contradict a writing—Principal and Surety.*

1. The rule that parol evidence cannot be admitted to contradict a written contract, applies to actions on the contract itself, but not to such as arise collaterally out of it. So, where it appeared on the face of a note that certain parties thereto were sureties, in an action for contribution parol evidence is admissible to show that they were really principals.

(*Welfare* v. *Thompson*, 83 N. C., 276; *Cole* v. *Fox*, Ibid 463; *Goodman* v. *Litaker*, 84 N. C., 8, cited and approved.

This was a CIVIL ACTION, tried before *MacRae, Judge*, and a jury, at Fall Term, 1884, of YADKIN Superior Court.

The plaintiff sought to recover of defendant, as contribution, one-third of a sum alleged to have been paid by plaintiff as joint principal with defendant's testator, in satisfaction of a note given to J. C. Conrad, guardian, and expressed upon its face to have been given by plaintiff as principal, and defendant's testator and Nathaniel Boyden, as sureties. The deposition of N. L. Williams was read in evidence by plaintiff. Defendant objects to the following questions: State what you know about the note given by myself, Nathaniel Boyden and Tyre Glenn, which note was given in Salisbury, at Mr. Boyden's office? And defendant objects to the answer thereto, it being proposed to contradict the note, and to show that defendant's testator was not a surety, but a joint principal.

The presiding judge sustained the objection, and intimated his opinion that parol evidence could not be admitted to show that defendant's testator was not a surety. Whereupon the plaintiff submitted to a nonsuit, and appealed.

*Messrs. Clement & Gaither*, for the plaintiffs.
*Mr. D. M. Furches*, for the defendant.

ASHE, J. (after stating the facts). The plaintiffs Joseph Williams and Nathaniel Boyden, and defendant's testator executed a sealed note to J. C. Conrad, guardian of certain minor heirs, which is in the following form : " We, Joseph Williams, Jr., as principal, and N. Boyden and Tyre Glenn as sureties, promise to pay," &c. Boyden paid one-third of the amount of the note, and plaintiff the residue, and brought this action against the defendant as executor of Tyre Glenn for contribution. The defendant contended that, upon the face of the note, his testator was only surety for Joseph Williams, and was not liable to him for contribution. The plaintiff alleged in his complaint and offered to prove on the trial, that the said note was given upon a consideration for the common benefit of the three parties who signed it, and that it was agreed at the time of its execution that they were all three to be equally liable as principal, but that upon the suggestion of the attorney who drew the note, that the law required guardians to take notes with good security, it was drawn in the form as if Joseph Williams was principal and the others sureties.

The defendant objected to this evidence upon the ground that it would alter, contradict and vary the written agreement of the parties. His Honor sustained the objection, so that the question presented for our consideration is, when a note is signed by one person as principal and others as sureties, is it competent for him, who appears upon the face of the note as principal, after paying the amount of the note, in an action for contribution against those who appear to be sureties only, to offer parol evidence to show that they were all principals and equally liable.

This is the first time this question has been presented to this court for adjudication. Questions somewhat similar were decided in *Welfare* v. *Thompson*, 83 N. C., 276 ; *Cole* v. *Fox, Ibid,* 463, and *Goodman* v. *Litaker*, 84 N. C., 8. These cases differ from this, in that there they all appeared to be principals upon the face of the instrument, and parol evidence was admitted to show the fact of suretyship, upon the principle that it would be inequitable for the creditor, after knowledge of the suretyship, to do

any act impairing the rights of the surety, and it could make no difference whether the fact was brought to the knowledge of the creditor by the instrument itself or by extrinsic evidence.

In this case, one of the parties appears, upon the face of the instrument, to be principal, and the others sureties, and it is proposed by the plaintiff, the nominal obligor, to show that they are all principals. The defendant resists the proposition of the plaintiff, and to sustain his position his counsel, in his brief, has cited numerous authorities, both text-writers and decisions of this court, to establish the fact that parol evidence is not admissible to contradict, add to, or vary a contract in writing. That doctrine is admitted. But it has no application to a case like this. The principle laid down in those authorities, and relied upon in support of the defendant's position, applies to actions upon notes between the parties thereto, but has no application to actions between the makers or obligees of notes or bonds, for contribution. In the latter cases, it is well settled, we think, by the overwhelming weight of authority, that parol evidence is admissible to show the relation subsisting between the makers of a note to each other, and especially so in courts like ours, where the distinction between actions at law and suits in equity are abolished. Such proof does not contradict, add to, or vary the terms of the contract, but it simply proves a fact outside of and beyond such terms. It is a fact collateral to the contract and no part of it. It is not to affect the terms of the contract, but to prove a collateral contract and rebut a presumption; *Brant on Suretyship and Guaranty*, 17, and applied as well to bonds as promissory notes, Ibid 18. In *Robinson v. Lyle*, 10 Barb. (N. Y.), 512, it was held that "as between the makers of a promissory note and the holders, all are alike liable, all are principals; but as between themselves, their rights depend upon other questions, which are the proper subject of parol evidence. On the trial of an action, therefore, between the signers of such a note, it is right to receive extrinsic proof to show which of the parties signed the note as principal and which as sureties." To the same effect is *Sisson v. Barrett*, 2 Comst., 406.

The distinction is this: As between the makers and payee of a note, it is made for the purpose of being the proof of the contract, and is the exclusive proof of the contract, and cannot be contradicted by extrinsic proof. The only exception to this rule, is in the class of cases like *Thompson v. Welfare* and the other cases of that character cited above. But as between the signers, it was not made or intended to be exclusive proof of the agreement or relation between them. That may be shown by parol proof. "The makers, though all appearing to be joint principals, may be shown to be some principals and some sureties; an apparent principal may be shown to be a surety— an apparent surety, a principal"—*Adams v. Flanager*, 36 Vt., 400, and *Lathrop v. Wilson*, 3 Vt., 604. Where one of two parties to a note signed with the addition of *surety* to his name, and the other without any addition, it was held, that the legal *presumption* was, that the signer who had the word *surety* attached to his name was surety, but it was not conclusive, and that the real purpose and relation of the parties might be shown by parol. To the same effect is *Barry v. Ransom*, 2 Kernan, 462, *Lapham v. Barnes*, 2 Vt., 213; *Keith v. Goodwin*, 31 Vt., 268.

These decisions, in the courts of New York and Vermont, are supported by the decisions in other States on this subject, notably among which are *Lacy* v. *Loftin*, 26 Ind., 324; *Kelly* v. *Gillespie*, 12 Iowa, 55; *Crosby* v. *Wyatt*, 23 Maine, 156; *Oldham* v. *Brown*, 28 Ohio, 41. We might cite other authorities but we consider these sufficient to fortify the proposition contended for by the plaintiff.

The fact is not overlooked that the decisions cited are mostly upon matters arising upon promissory notes. But the same reasons apply with equal force to sealed instruments. *Brant on Suretyship and Guaranty*, 18; *Fowler v. Alexander*, 1 Heiskell, 425; *Creigh v. Hedrick*, 5 W. Va., 140, and *Kennebeck Bank* v. *Turner*, 2 Greenleaf, 42, where a party was permitted to show by parol evidence the actual capacity in which he became a party to the obligation.

The investigation of the question leads us to the conclusion that there is error.

The judgment of the Superior Court is therefore reversed, and this opinion must be certified to the Superior Court of Yadkin county, that a *venire de novo* may be awarded.

Error.                                                                   Reversed.