T. Y. LYTLE v. THOMAS LYTLE, JR., et als.

*Statement of Case on Appeal—Exceptions—Order of Restitution.*

1. The third clause of §412, does not allow the appellant to assign error for the first time in this Court. It regards the instructions of the Judge as excepted to, whether the exception is formally made at the trial or not. But such exceptions, if relied on by the appellant, must appear in the case stated; otherwise, he cannot avail himself of them in this Court.

2. When a party is put out of possession of land, or compelled to pay money, under a judgment which is afterwards reversed or set aside, the Court will restore the party to the possession of the land, and give him a remedy for the money thus paid.

(*Fry* v. *Currie*, 91 N. C., 436; *Dulin* v. *Howard*, 66 N. C., 433; *Perry* v. *Tupper*, 70 N. C., 538; *same case*, 71 N. C., 387; *Love* v. *Martin*, 81 N. C., 38; *Maroney* v. *Wright*, 84 N. C., 336, cited and approved).

This was a motion for judgment and writ of restitution, in an' action pending in the Superior Court of McDowell county, heard by *Avery, Judge,* at the Spring Term, 1885, of said Court.

A judgment had been rendered in the same action, at Spring Term, 1882, of the Court, under which the defendant was turned out of possession of a tract of land in contention between the parties, and had been compelled to pay twenty dollars. At Spring Term, 1884, said judgment was vacated and set aside. The Court, on hearing the motion, gave judgment in favor of defendants for twenty dollars, the amount admitted to have been paid, and for restitution.

From this judgment, plaintiff appealed.

No counsel for plaintiff.
*Mr. John Devereux, Jr.,* (*Mr. Jos. B. Batchelor* was with him,) for defendants.

MERRIMON, J. We are apprehensive that we may not reach the whole merits of this appeal. It was not argued before us for the appellants, and the record is so confused and obscure, in

many respects, that we find it difficult to ascertain what are the questions intended to be presented for our consideration. No errors have been specified, and we are left entirely to view the case settled upon appeal by the Court, without guide or compass.

It would seem that if it is worth while for a party to appeal, he should assign errors, as the statute plainly directs, so as to gain the full benefit of what he ought to realize by it. It is folly to do so otherwise. This Court can only take notice of, and act upon, what appears in the record, and correct such errors as are properly assigned. This is due alike to the appellant and appellee, and, as well, to the due administration of justice. A practice that leaves the case at random as to the questions to be reviewed and decided, is vicious and unjust to all parties, while it does not comport with the proprieties of judicial procedure. Exceptions should be taken in the Court below, and *appear* to be taken, and in apt time.

The Code, §550, among other things, provides in respect to settling the case upon appeal, that the appellant "shall cause to be prepared a concise statement of the case, embodying the instructions of the Judge as signed by him, if there be any exception thereto, and the requests of the counsel of the parties for instructions, if there be any exception on account of the granting or withdrawing thereof, and stating separately · in *articles numbered*, the errors alleged." This provision should be observed, at least substantially, in every case, unless, *first*, when the ground of error is sufficiently assigned in the record itself, without a statement of the case for this Court on appeal; or *secondly*, where the objections are that the Court had not jurisdiction, or the complaint does not state facts sufficient to constitute a cause of action ; or *thirdly*, where it appears upon the face of the case settled upon appeal, that certain instructions specified, were asked and refused, or certain instructions were given, and were deemed, informally, excepted to, as provided in The Code, §412, sub. div., 3. The provisions of rule 7, (92 N. C., 847), are no less important, and should be observed.

The clause of the statute last cited provides, that "if there shall be error, either in the refusal of the Judge to grant a prayer for instructions, or in granting a prayer, or in his instructions generally, the same shall be deemed excepted to, without the filing of any formal objection." This clause does not, as some gentlemen of the bar seem to suppose, give the appellant the right to assign error for the first time in this Court, and without regard to whether or not exception was taken in the Court below. It will be observed that this provision is part of the section that prescribes *when and how* exceptions shall be taken, and its purpose *is to require that the* instructions refused or given, whether asked or not, shall be treated as excepted *to, although the same were* not formally objected to on the trial *at the time* the same were refused or given. But such instructions so excepted to, must appear specifically set forth in the case settled upon appeal, and this Court will then correct any error in law in refusing the instructions prayed for, or in those given. But it will not go beyond that, and allow exceptions to be taken here for the first time, otherwise than as above indicated. The statute does not contemplate or allow such indefinite latitude as to the assignment of error, and besides, it would be unjust to the adverse party, to allow exceptions to be taken in this Court, that might have been obviated by amendment or otherwise in the Court below. *Fry* v. *Currie,* 91 N. C., 436.

In this case, no particular errors are assigned. It appears from the case settled upon appeal, that a judgment had been entered against the appellee, and thereupon process issued, by virtue of which the appellant was placed in possession of a tract of land, specified in the pleadings, which had been in the possession of the appellee and claimed by him, and the latter, also, paid to the former, or to his counsel for him, twenty dollars, part of the recovery.

Afterwards, the Court set the judgment referred to aside, upon the ground that it had been improvidently granted; and, at a subsequent term, directed that the appellee be restored to the pos-

session of the land, by the writ of restitution, and gave judgment in his favor and against the appellant, for the money paid by the latter in discharge of the judgment so set aside.

In this we discover no error. It is well settled, that where a party is put out of possession of land, in pursuance of a judgment or order improvidently granted, or is required to pay money, and the judgment is afterwards declared void or is set aside, the Court will promptly, as far as practicable, restore the party complaining to the possession of the land, and give him remedy for the money so paid. The law forbids injustice, and it will not allow its process to work injury to a party against whom it goes by improvidence, mistake or abuse. It will always restore such party promptly, and place him as nearly as may be in the same plight and condition as he was before the process issued. This is due alike to the integrity of the law, and to the party asking relief. *Dulin* v. *Howard,* 66 N. C., 433; *Perry* v. *Tupper,* 70 N. C., 538; *same case,* 71 N. C., 387; *Love* v. *Martin,* 81 N. C., 38; *Meroney* v. *Wright,* 84 N. C., 336.

The judgment must be affirmed. To that end, and to the further end that any further appropriate proceeding may be taken in the action, let this opinion be certified to the Superior Court. It is so ordered.

No error.                                                    Affirmed.