This case was before this Court by a former appeal (R. R. v. R. R.,106 N.C. 16), and in that appeal the judgment of the court below dismissing the proceeding was affirmed. Thereupon the judgment of this Court was certified to the Superior Court. Afterwards, in the latter court, the defendants insisted that they were entitled to be put in possession of the land which the plaintiffs had sought by the proceeding to condemn as right of way for its purposes, and to that end they moved that a writ of restitution be issued. The court denied the motion and gave judgment as follows: "The opinion and judgment of the (305) Supreme Court being certified down, affirming the former judgment of this court dismissing this proceeding, it is adjudged that the defendants recover of the plaintiff and its surety the costs of this action, to be taxed by the clerk. The motion for a writ of restitution is refused, and from the refusal to allow the motion for writ of restitution the defendants appeal to the Supreme Court." The following is so much of the case settled on appeal as need be reported: "It appearing that the defendants were not in possession of the land in controversy when this action was instituted, that the plaintiffs did not enter into possession of said land under any process of the court, but under a grant from the town of Durham, and that the defendants have been enjoined from *Page 217 
entering upon and taking possession of said land, the motion of the defendant was refused and judgment rendered as appears in the record."
Generally the writ of restitution lies in favor of a party after a judgment or order of the court, under and in pursuance of which he has been put out of possession of property, has been reversed, set aside or adjudged void, to restore him to the possession of which he had been so deprived. The law will not allow its process granted and enforced erroneously, by improvidence, mistake or abuse, to work injury to a party. It will always and promptly, in appropriate cases, restore the party prejudiced by its process to the like possession, plight and condition as he had at the time the same was executed, as nearly and as completely as practicable. The court seeks, and is anxious to do justice, and as well to preserve its own integrity and honor. Hence, (306) it is said that "if a judgment be reversed, the party shall be restored to all that he has lost by occasion of the judgment, and a writ of restitution shall be awarded." Perry v. Tupper, 70 N.C. 538; Lytle v.Lytle, 94 N.C. 522; Tidd's Practice, 1186; Cro. Jac., 698; Roll Ab., 778. But here it does not appear that the defendants were put out of possession or prejudiced by the process of the court. On the contrary, the court finds that they were not in possession of the land in question when the proceeding began, and that the plaintiff did not obtain possession of the same by virtue of the court's process, but in an entirely different way, with which the court had no connection whatever.
Besides, it appears from the record of the proceedings that at the time the same began, the plaintiff was in possession of the land, and alleged its right to have such possession. The defendants denied such right, and alleged that such possession was wrongful, and that they owned the land and were entitled to possession thereof. Obviously, these allegations raised questions to be litigated, but as it turned out, not in this proceeding because it could not be sustained. But it thus appears that the defendants were not put out of, nor was the plaintiff put in possession of the land by the judgment, order or process of the court. The defendants were left free to enforce their rights to the land and the possession thereof in some lawful way. As they were not put out of possession by the process of the court, and the plaintiff was also in possession, alleging and claiming the same to be rightful, it would not only be irregular, but violative of common right to grant a write of restitution upon simple motion, and without allowing the plaintiff to litigate its right in some appropriate way prescribed by law. A writ so granted would not be a writ of restitution!
Affirmed. *Page 218 
(307)