D. G. ROBINSON, to use of A. E. McDowell, v. THOMAS D. McDOW-
ELL, JOHN A. McDOWELL, JOHN McDOWELL, Jr.

(Decided November 28, 1899.)

*Surety in a Judgment—Injunctive Relief—Motion in the
Cause—Independent Action.*

Where equitable relief is sought by the administrator of a judg-
ment debtor, alleged to be surety, against an execution upon the
judgment, and *issues* of fact as well as *questions* of fact are
involved, the remedy must be prosecuted by an independent
action, and not by a motion in the original cause.

APPLICATION by motion in the cause, made upon affidavit,
by Newton Robinson, administrator of John A. McDowell,
for injunctive relief against an execution issued against his
intestate, made to *McNeill, J.,* at Chambers, who granted
order of restraint, and transferred the hearing to *Robinson,
J.,* and it was heard before him, as of March Term, 1899, of
the Superior Court of BLADEN County, upon affidavits on both
sides.    The grounds of the application are fully stated in the
opinion.

After argument of counsel for both parties, his Honor took
the matter under consideration and found the following facts,
and reached the following conclusions of law, and rendered
the following judgment:

This was a motion, on notice of Newton Robinson, as
administrator of John A. McDowell, to have the judgment
rendered at Spring Term, 1888, cancelled and marked satis-
fied of record as to the estate of John A. McDowell,
heard before *Robinson, J.,* at Spring Term, 1899, of Bladen
Superior Court.    The hearing not being concluded, the
further hearing of the motion was, by consent, continued to
be heard at Chambers at Fayetteville, on the 29th March,

125——22

1899. After hearing the evidence and the argument of counsel, the Court finds the following facts:

1. Thomas D. McDowell, one of the above-named defendants, on the 8th October, 1885, borrowed $1,000 from D. G. Robinson, and gave his note, with John A. and John McDowell as sureties.

2. That at Spring Term, 1888, of Bladen Superior Court, judgment was rendered on said note in favor of D. G. Robinson, and against Thomas D. McDowell and John McDowell for $1,000, with interest on same from the 8th of October, 1885, and for costs.

3. That on the 24th day of August, 1896, John McDowell, Jr., transferred to D. G. Robinson a policy of insurance on the life of Thomas D. McDowell, and on the same day the said D. G. Robinson transferred and assigned to A. E. McDowell, wife of John McDowell, Jr., for the use and benefit of said John McDowell, Jr., said judgment.

4. That John A. and John McDowell, Jr., were co-sureties for T. D. McDowell.

5. That Thomas D. McDowell, the principal debtor, died on the 1st day of May, 1888, leaving a last will and testament, in which he devised and bequeathed to his son, the said John McDowell, Jr., all his real and personal property and estate, and charged the said John McDowell, Jr., with the payment of the said Thomas D. McDowell's debts.

6. That the said John McDowell, Jr., propounded said will and qualified as executor thereto on the 21st day of May, 1898, and took possession of all the estate of the said Thomas D. McDowell, and has since said date used it as his own.

7. That sufficient property belonging to said esate, to-wit,the estate of Thomas D. McDowell, went into the hands of John McDowell, Jr., to pay all the debts due and owing by said Thomas D. McDowell.

8. That John A. McDowell died on the 11th day of January, 1899, and Newton Robinson qualified as administrator on his estate on the 13th January, 1899.

9. That the plaintiff A. E. McDowell caused execution to be issued on said judgment on the 5th of December, 1898.

10. That after the death of John A. McDowell, the Sheriff of Bladen County levied said execution on the personal property of said John A. McDowell.

11. That said judgment has been fully paid as to the said John A. McDowell and his representatives.

It is, therefore, ordered and adjudged, that the judgment rendered in the above cause at Spring Term, 1888, be cancelled and satisfied of record and that the execution issued on said judgment be set aside. It is further ordered, that the Sheriff of Bladen County pay to Newton Robinson, administrator of John A. McDowell, the proceeds of the timber sold by him under said execution (which sale was made by agreement of parties), less the judgment paid by said sheriff by virtue of said agreement.

It is further ordered, that the plaintiff A. E. McDowell pay the costs of this proceeding to be taxed by the Clerk.

(Signed)     W. S. O'B. ROBINSON,
*Judge, etc.*

To the above findings and judgment the plaintiff excepts.
W. S. O'B. ROBINSON,
Carthage, N. C., 15th April, 1899.     *Judge, etc.*

To which findings and conclusions of law and judgment the defendants excepted and appealed, and made the following assignment of errors:

*Defendants' Assignment of Errors.*

1. That the Court erred in granting the restraining order in the above-entitled cause.

2. That the Court erred in holding that a motion in the cause was the proper remedy.

3. That the Court erred in holding that this motion involved questions of fact, and not issues of fact.

*Messrs. R. S. White,* and *McNeill & Bryan,* for appellant.
*Messrs. C. C. Lyon,* and *J. D. Shaw, Jr.,* for appellee.

FURCHES, J.   On the 8th of October, 1885, T. D. McDowell, J. A. McDowell and John McDowell, Jr., borrowed $1,000 from plaintiff for which they executed their promissory note.   The plaintiff brought suit on this note and recovered judgment thereon at Spring Term, 1888, of Bladen Superior Court.   On the 24th of August, 1896, the plaintiff Robeson transferred and assigned the judgment to A. E. McDowell.   Said judgment was revived before the Clerk of Bladen Superior Court on the 30th of November, 1896. T. D. McDowell, one of defendants in the judgment, died on the 1st day of May, 1898, and the defendant John McDowell, Jr., qualified as his executor on the 21st day of May, 1898. John A. McDowell, another one of the defendants in the judgment of 1888, died on the 11th day of January, 1899. Execution had issued on the 5th day of December, 1898, and was levied on the personal property of John A. McDowell on the 13th day of January, 1899.   Letters of administration were issued to Newton Robinson on the estate of John A. McDowell, on the 13th day of January, 1899.   On the 24th day of January, 1899, the administrator (Robeson) of John A. McDowell, made a motion before Judge McNeill, (as a motion in the original action), in which he alleges in substance:

That Thomas D. McDowell was the principal in the note and judgment of Robinson, and that John A. McDowell, the

intestate of Newton Robinson, was only a surety; that John McDowell, Jr., is the son of Thomas D. McDowell, the principal debtor; that he held a life policy of insurance on his father, T. D. McDowell, with which he purchased the Robeson judgment, and caused it to be assigned to his wife, A. E. McDowell, in trust for his benefit; that since the assignment was made, T. D. McDowell, the principal debtor, and father of John McDowell, Jr., has died, leaving a last will and testament devising and bequeathing a large estate to John McDowell, Jr., but charged with the payment of all his debts; that said John McDowell, Jr., has taken possession of said estate so willed to him by his father, and is now in the enjoyment of the same, and its pernances; that said administrator of John A. McDowell alleges that, in this way, the said judgment has been paid off and satisfied; and he further alleges that, as his intestate was only a surety and as the judgment was assigned to the said A. E. McDowell in trust for the benefit of John McDowell, Jr., he could not enforce the collection of said judgment out of the property of his intestate by execution.

For these reasons, the administrator of John A. McDowell asked for an injunction against the execution to enforce the payment of the judgment out of the property of his intestate, and to have the judgment declared paid and satisfied, which the Court did.

The defendant John McDowell, Jr., denies the material allegations of the administrator of John A. McDowell, and alleges that if they were true, the relief demanded could not be had in this proceeding (a motion in the original action), and that the judgment of the Court, granting the injunction and having the entry of payment and satisfaction made on the record, was without authority, and erroneous.

While the matters alleged do not amount to a payment, yet,

if they are true, they amount to a satisfaction and discharge of the estate of John A. McDowell from liability on said judgment.

But we do not think the relief demanded can be obtained in this proceeding. The allegations of the administrator of John A. McDowell and the denials of John McDowell, Jr., raise *issues* of fact, which can only be decided by a jury, unless by consent of the parties. Whether Thomas D. McDowell was the principal debtor, and John A. McDowell and John McDowell, Jr., sureties only, is an issue for the jury. Also, whether John McDowell, Jr., purchased the Robeson judgment and had it assigned to his wife in trust, or whether she bought it with her own means, and is the *bona fide* holder and owner of the same, free from any trust, are issues for the jury, and can not be found by the Court, except by consent of the parties.

If the allegations of the administrator are true, we are of the opinion that he is entitled to relief, but it must be by an independent action with proper parties.

The case of *Rice v. Herron,* 109 N. C., 150, does not sustain the jurisdiction of the Court in this case. It did not present serious controverted *issues* of fact, as are presented in this case. And, in that case, the Court thought proper to · state that there was no objection made to the Court's finding the facts, which seems to mean that, if there had been, the Court would probably have taken a different view of the case.

There is error. The Court was without jurisdiction. This proceeding must be dismissed, and judgment entered here, that the parties may not be troubled with the question of *lis pendens.*

Proceeding dismissed.

Supplemental opinion upon motions of plaintiff and defendant.

ROBINSON *v.* McDOWELL.

FURCHES, J.  Upon application of the defendants, alleging error in the opinion rendered in this proceeding and in the judgment of the Court, in which the defendant asks this Court to issue what the defendants call a writ of restitution; and upon application of plaintiff, alleging error in said opinion and judgment of the Court, and asking the Court not to pass upon the defendants' application and motion until he can prepare and file a petition to rehear, and the opinion of the Court complained of not having been certified to the Superior Court of Bladen County, we have taken the whole matter under advisement, and have reviewed the opinion and judgment heretofore delivered and rendered.

Treating the motion and application of each party in the *nature* of an application to rehear, and upon a re-examination of the case, we are unable to see the errors complained of by either party, except as to the matter of costs, which we think the Clerk (probably by inadvertence) has taxed against the defendant, when they should have been taxed against the plaintiff.

The plaintiff seems to have misconceived the grounds upon which his motion was dismissed—that of a want of jurisdiction.  If the Court was correct in this, we can not see how anything could be judicially found and determined; and we see no reason, after reviewing the opinion, to change our opinion as to the matter of jurisdiction.

As we thought, the facts presented by plaintiff, if true, ought to entitle him to relief, if properly presented in a proper forum having jurisdiction to try and determine them.  And we are still of that opinion.  In such a case, it may be easy for the plaintiff to establish some of the queries we propounded; and if so, it will only be the better for him.

We do not think we can grant the defendant's motion.  The defendant asks for what he calls a writ of restitution—to

compel the plaintiff to pay over the money in his hands to A. E. McDowell—when the defendant John McDowell alleges that the judgment upon which the execution issued belongs to him.    But it seems to us that the defendant is asking to be restored to the possession of property of which he has never been in possession; that neither the defendant John, nor his wife, A. E. McDowell, has ever been in possession of either the personal estate or the land of the deceased, John A. McDowell.    So we are asked to *restore* them to something they have never had.    This we must decline to do.

The case of *Perry v. Tupper,* 70 N. C., 536, and same case, 71 N. C., 387, and other cases cited as authority for restitution, do not apply.    They were actions for land or property of which the defendant was *in possession* and had been turned *out of possession* by the process of the Court.    At most, the owner of the judgment, whoever it may turn out to be, only had a lien upon this property.    This we think the law will preserve until the matter is determined.    And the plaintiff will pay out this money at his risk, if he does so before the matter is determined.    We can not in advance, when there is no case before us giving us jurisdiction of the matter—upon the affidavits of the parties—undertake to determine and settle these important questions.

We find no error, and leave the matter where it was left by the opinion. But the costs will be taxed against D. G. Robinson.

Both motions are refused.