ROBINSON v. McDOWELL.

(Filed April 29, 1902.)

1. PRINCIPAL AND SURETY—*Judgment—Contribution—Estoppel.*

In an action on a judgment for contribution a party is not estopped from setting up that he was a surety on the note upon which judgment was taken, because he failed to set up his suretyship in the original action or in the revival of the judgment.

2. PRINCIPAL AND SURETY—*Judgment—Contribution.*

Where the administrator of a surety on a note, judgment having been obtained thereon, sues another surety for whose benefit the judgment has been transferred, to have it cancelled as satisfied, the relation of the parties on the note may be shown without producing the note.

3. WITNESS—*Interest—The Code, Sec. 590.*

In an action by an administrator of a deceased surety on a note on which judgment has been secured, to restrain its enforcement against his intestate's estate, a defendant surety can not testify that the intestate was a co-principal on the note so as to entitle him to contribution.

ACTION by Newton Robinson, administrator of John A. McDowell, against John McDowell, Jr., and others, heard by Judge *Thos. A. McNeill* and a jury, at October Term, 1901, of the Superior Court of BLADEN County. From a judgment for the plaintiff, the defendant appealed.

*John D. Shaw, Jr.,* for the plaintiff.
*R. S. White,* and *T. B. Womack,* for the defendants.

FURCHES, C. J. In 1885, T. D. McDowell, John A. McDowell and John McDowell, Jr., executed their promissory note to D. G. Robinson for $1,000, on which judgment was rendered in favor of Robinson at Spring Term, 1888. In August, 1892, Robinson assigned said judgment to A. E.

McDowell, wife of John McDowell, Jr., in consideration of a policy of insurance on T. D. McDowell. In the assignment of the policy of insurance, Robinson agreed to pay to John McDowell, Jr., any excess that he might collect on said policy over and above the amount of said judgment, principal and interest, at the time he should recover or receive the money on said policy of insurance, and such costs and premiums as he might pay. John A. McDowell was a brother of T. D. McDowell, and John McDowell, Jr., a son of T. D. McDowell.

T. D. McDowell has since died. Robinson has collected the policy of insurance, and, after deducting the amount of said judgment, etc., has paid the residue to the defendant John McDowell, Jr.

T. D. McDowell left a last will and testament, willing and devising his whole estate, real and personal, to his son John McDowell, Jr., amounting to more in value than the Robinson debt, in which he made his son John McDowell, Jr., executor, and provides that he shall pay all his just debts.

John A. McDowell has also died, and the plaintiff, Newton Robinson, has administered on his estate; but, just before his death, execution was issued upon the said D. G. Robinson judgment, and levied on the property of John A. McDowell, and the Sheriff of Bladen County was proceeding to sell the same thereunder; and this action was brought by Newton Robinson, administrator of John A. McDowell, to restrain said sale and to have said judgment declared satisfied as to the estate of his intestate. He alleges that T. D. McDowell was the principal in said note to D. G. Robinson, and that John McDowell, Jr., and his intestate John A. McDowell, were his sureties; that said judgment was assigned to A. E. McDowell, wife of John McDowell, Jr., in trust and for the benefit of her husband; that D. G. Robinson has been paid by the insurance money, and has no further interest in said

judgment; that John McDowell, Jr., being one of the defendants in said judgment, an assignment to him would have been discharge of the judgment, and, for that reason, although he furnished the consideration which paid the judgment, he had it assigned to his wife.

The defendants John McDowell, Jr., and wife A. E. McDowell, answer and say that said judgment was not assigned to the wife for her husband's benefit, and that she is the absolute owner thereof. They also deny that John A. McDowell was a surety of T. D. McDowell on the Robinson note, but that he was a co-principal with T. D. McDowell, and the defendant John McDowell, Jr., was the only surety on said note; and that the estate of John A. McDowell is liable for one-half thereof at least.

The defendants further allege that since said judgment was assigned to A. E. McDowell, more than three years having elapsed without execution having been issued, the same was revived before the Clerk, and this is an estoppel on the administrator of John A. McDowell.

This action was brought by the administrator of John A. McDowell to restrain the defendants from enforcing the Robinson judgment, assigned to Mrs. A. E. McDowell; and this presents two questions:

First, was the judgment assigned to Mrs. McDowell in trust and for the benefit of her husband; and second, was John A. McDowell a co-principal in the Robinson note, or only a surety of T. D. McDowell?

If the judgment was assigned to Mrs. McDowell in trust for the benefit of her husband, John McDowell, Jr., he is the equitable owner thereof. The jury have found that the assignment to her was for his benefit, and this finding must stand unless there was error in the trial. Besides, the jury found that T. D. McDowell was the principal in said note and John A. McDowell was only surety; and this must stand

unless there was error committed on the trial.    If these find-
ings stand, it seems to us that they virtually dispose of the
case.

It appears that the defendant John McDowell, Jr., has
received property of greater value than the amount of this
judgment, under the will of his father, T. D. McDowell,
with the express injunction to pay his debts; and although the
administrator of John A. McDowell is the plaintiff in this
action, it involves the doctrine of contribution. If there had not
been property enough of T. D. McDowell to satisfy the Robin-
son judgment, the defendant John McDowell, Jr., would
have been entitled to contribution out of the estate of John A.
McDowell to the extent of one-half of the amount that T. D.
McDowell's estate would not pay.    But, as T. D. McDowell
is found to have been the principal and John A. McDowell
a surety, and T. D. McDowell being dead and John McDow-
ell, Jr., being his executor, with property enough in his
hands to pay the judgment, his right to contribution is that of
a principal who has paid the debt, suing his surety for con-
tribution.

As the claim of the defendant John is in the nature of con-
tribution, neither judgment nor the renewal of the judgment
is any estoppel upon the parties to show the relations they
occupy, whether principals or sureties.    Indeed, this is the
usual way in which this question is presented.    And as this
is a question collateral to the note, it may be shown without
producing the note, and it may be shown when it contradicts
the note.    *Williams v. Glenn,* 92 N. C., 253, 53 Am. Rep.,
416.    So there is nothing in the objection that the note was
not present, or the manner in which its absence was accounted
for.    Nor can the exception to the exclusion of the evidence
of John McDowell, Jr., under Section 590 of The Code, be
sustained, as the object of his testimony was to show that
John A. McDowell was a co-principal in the Robinson note;

and if he could have established this, as he is the owner of the Robinson judgment, it would have entitled him to recover one-half of the judgment out of the estate of John A., although he had property enough in his hands coming to him under the will of his father, to pay the judgment. He was directly interested in this issue. Nor did the introduction of his affidavit entitle him to prove this fact. That was only as to the assignment of the Robinson judgment. Nor is there anything in the opinion of the Court (reported in 125 N. C., 337) that estops the administrator from claiming the relief he demands in this action. Indeed, so far as that case is authority, it is against the defendants' contention.

Affirmed.