# CHARLESTON

RUFFNER BROS. *v.* MONTGOMERY & CO.

Submitted February 14, 1906.    Decided  December 4, 1906.

1.  FACTS OF CASE—*Ruling of Court.*
      R. Bros. sued M. and H. in *assumpsit* as partners and filed with
   their declaration and account the affidavit required of them by
   section 46, chapter 125, Code.   M. and H. separately and severally
   entered their pleas of *non-assumpsit* and tendered their separate
   affidavits denying their . individual liability upon the demands
   stated in the declaration, but filed no affidavits denying partner-
   ship.     *Held:*  Such affidavits not being responsive to the allega-
   tions of the declaration or to the affidavit filed by plaintiffs, de-
   fendants' pleas should be rejected.   (p. 62.)

Error to Circuit Court, Fayette County.

Action by Ruffner Bros. against L. C. Montgomery and
Mrs. Blanche M. Hancock.   Judgment for defendant for her
costs, and plaintiffs bring error.

                              *Reversed.   Remanded.*

PAYNE & HAMILTON, MOLLOHAN, McCLINTIC & MATHEWS,
for plaintiff in error.

OSENTON & ASHBY, for defendants in error.

McWHORTER, PRESIDENT:

This is an action of *assumpsit* brought by Ruffner Brothers
against L. C. Montgomery and Mrs. Blanche M. Hancock,
late partners in trade under the firm name of L. C. Mont-
gomery & Co., in the circuit court of Fayette county.   With
their declaration plaintiffs filed an affidavit made by A.L. Ruff-
ner, one of the partners, as required by section 46, chapter 125,
Code, alleging a partnership liability on the part of the de-
fendants to the plaintiffs in the sum of $509.01, including
principal and interest after deduction of payments, credits
and sets-off made by the said defendants or to which they
were entitled. . Process was duly served upon both the de-
fendants on the 3rd day of August, 1903; the declaration
and account and affidavit filed at August rules.   On the 3rd
day of March, 1904, the following order was entered in the
case:

"This day came the parties by their attorneys, and the de-

fendant, B. M. Hancock, by her attorneys and tendered her plea of *non-assumpsit* and counter affidavit in support thereof, stating that there is not, as she verily believes, any sum due from her to the plaintiffs upon the demand or demands stated in plaintiffs' declaration, and asked leave of the Court to file the same. At the same time came the defendant, L. C. Montgomery, and tendered his plea of *non-assumpsit* and counter affidavit in support thereof stating that there is not due from him to these plaintiffs the sum of $509.01 as set out in plaintiffs' declaration and affidavit, but that there is the sum of $473.06 due from him to said plaintiffs and asks leave of the Court to file said plea and counter affidavit in support thereof, to the filing of which pleas and affidavits, and each of them, the plaintiffs objected, and moved the Court for judgment against the defendants for the sum stated in the affidavit filed with the declaration in this action.

"And it appearing to the Court from the record and papers in this case that this is an action of *assumpsit* upon an open account in which a writ of inquiry for damages is required by section 46 of chapter 125 of the Code, the said pleas of *non-assumpsit* and counter affidavits tendered by the defendants herein are ordered to be filed and the motion of plaintiffs for judgment is overruled. And it is further considered by the Court that the office judgment heretofore entered in this cause be and the same is hereby set aside, to which action of the Court in setting aside said office judgment and permitting defendants to file said pleas and counter affidavits and overruling said motion for judgment and each of them the plaintiffs objected and excepted. Thereupon the plaintiffs replied generally to said pleas and issue is thereupon joined."

On the 26th day of May, 1904, the parties appeared by their attorneys and neither party requiring a jury the case was submitted to the court in lieu of a jury and the court ascertained from the inspection of the papers filed and the argument of counsel that there was due from the defendant L. C. Montgomery to the plaintiffs the sum of $534, and nothing due from the defendant Blanche M. Hancock and rendered judgment in favor of plaintiffs against Montgomery for the $534 and costs and gave judgment in favor of the defendant Hancock for her costs against plaintiffs. From which judg-

ment the plaintiffs obtained a writ of error and say that, the court erred in allowing the pleas and affidavits of Blanche M. Hancock and L. C. Montgomery to be filed, and in refusing to award judgment to plaintiffs against the defendants as partners for the reason that no plea was filed putting in issue the question of said partnership and it was therefore not required of plaintiffs to prove the same, but it was the duty of the court to render judgment in favor of plaintiffs against L. C. Montgomery & Co. when one of the partners admitted liability on the claim in suit.

The declaration in this case alleges the partnership of the defendants in business and the account filed is made against them as partners. The liability alleged against them is not individual liability, but partnership liability; plaintiff's affidavit filed with the delaration is to the same effect; the defendants in entering their pleas of *non-assumpsit* entered them separately and individually and not jointly or as partners, and made their counter affidavits to the same effect. The defendants' affidavits failing to deny liability as alleged in the declaration, but only denying individual liability were not responsive to the allegations of the declaration nor to the affidavit filed by the plaintiffs and therefore not sufficient to support a plea of *non-assumpsit* properly entered. It is well settled, not only by the decisions of this Court and the decisions of various other courts, but by a provision of our statute, section 41, chapter 125, Code, that where defendants are sued as partners and their names are so set forth in the declaration or bill, it shall not be necessary to prove the fact of such partnership unless the pleadings which put the matter in issue be verified, or there be an affidavit filed therewith denying such partnership. In her petition for rehearing it is said: "She could not of course deny the partnership, as they had been *late partners* under said firm name. She could, however, deny her liability, which she did, and L. C. Montgomery then denied all firm liability, and affidavits being filed authorize the plea of *non-assumpsit*."

It is strange, indeed, if they were not partners at the time the account sued upon was contracted, that she could not deny the partnership because of the fact that they had at some time in the past been partners. A denial of the partnership could of course relate only to the time of contract-

ing the liability.   In my view of the case, because of the insufficiency of the affidavits, the pleas and affidavits should have been rejected and judgment entered in favor of plaintiffs under section 46, chapter 125, Code, which provides that the affidavit of the plaintiff so filed with his declaration shall be legal evidence on the inquiry, and under the rulings of this Court in *Mason* v. *Bridge Co.*, 28 W. Va. 639; *Williamson* v. *Cline*, 40 *Id.* 194-206; also *Boyles* v. *Overby*, 11 Grat. 202; *Duval* v. *Malone*, 14 *Id.* 24; *Beale* v. *Botetourt*, 10 *Id.* 278; see also Hogg's Pl. and Forms 229, section 306; Tyler's Stephen Pl. 126; and Brannon, Judge, concurs with me in this view, but the majority of the Court are of opinion that the judgment should be reversed and the case remanded for a new trial to be had therein, which is accordingly done.

*Reversed.   Remanded.*