# CHARLESTON.

## BANK OF GREENVILLE v. S. T. LOWRY & CO.

Submitted October 10, 1916.   Decided October 17, 1916.

1. JUDGMENT—*Office Judgment—Vacation—Action Against Partners.*
     In an action of debt on a negotiable note against two persons
   as partners, where the plaintiff files with his declaration an affi-
   davit authorized by section 46, chapter 125 of the Code, stating
   the amount due from the partnership to the plaintiff, and one of
   the defendants files his counter affidavit denying that there is any
   sum due from him to the plaintiff upon the demand stated in the
   declaration. *Held:* that upon the filing of such affidavit the said
   defendant should be permitted to plead ''to issue'' and have the
   office judgment set aside as to him.   (p. 13).

2. SAME—*Office Judgment—Entry Against Co-defendant.*
     Where one of several defendants appears and files a plea to an
   action of debt, which sets up no defense as to any but himself,
   and no plea is entered for or by the co-defendant, the office judg-
   ment is not set aside as to any of the parties but the one who
   moves so to do, and judgment becomes final against all others on
   the last day of the term at which the case is docketed.   (p. 14).

3. SAME.
     Where on a joint action against two persons upon a joint or a
   joint and several demand, and there has been service on both de-
   fendants, or both have appeared to the action in court, and the
   plaintiff has filed with the declaration the affidavit authorized by
   section 46, chapter 125 of the Code, and one of the defendants has
   filed the counter affidavit authorized by said statute, and files pleas,
   and issues are thereon joined, but the other defendant does not
   plead, there can be no final judgment against the defendant in
   default until after the determination of the issues on the pleas,
   and if there be judgment against the defendant who has pleaded,
   then the final judgment must be joint.   (p. 14).

4. TRIAL—*Taking Case from Jury—Direction of Verdict.*
     The court should never direct a verdict for one party except
                    79 W. Va.

in a case where if the jury should return a verdict for the other party, the court would be compelled to set such verdict aside. (p. 15).

Error to Circuit Court, Monroe County.

Action by the Bank of Greenville against S. T. Lowry & Co. From a judgment for plaintiff, defendant S. T. Lowry brings error.

*Reversed, verdict set aside, and case remanded for new trial.*

*J. A. Meadows* and *T. N. Read,* for plaintiff in error.

*Jno. L. Rowan,* for defendant in error.

MASON, JUDGE:

S. T. Lowry and N. P. Stover were partners in the grist mill business as S. T. Lowry & Co. N. P. Stover executed a note in the firm name of S. T. Lowry & Co. for $350.00, in favor of the Bank of Greenville, dated December 12, 1910, payable twelve months after date. The note was discounted by the bank, and the proceeds placed to the credit of Stover. On the back of the note there was an endorsement in the names of S. T. Lowry and N. P. Stover, waiving presentment of and demand for payment, and waiver of notice of protest. The note was not paid, and this suit was brought to enforce collection.

Lowry claims that he did not execute this note or authorize any one to execute it for him; that Stover had no authority to execute the same; that it was discounted for the sole use and benefit of Stover; and that neither he (Lowry) nor the firm of S. T. Lowry & Co. received any of the proceeds of the note.

The note became due December 12, 1911. Suit was not brought until February 22, 1915. The suit was matured for trial at the April term of the court, 1915. The statutory affidavit stating the amount due the plaintiff, as authorized by section 46, chapter 125 of the Code, was filed with the declaration, stating that there was due the plaintiff April 13, 1915, the sum of $421.24. The defendants appeared by attorney, and without pleading, the case was by agreement of the parties entered of record and continued until the next term of

court.  At that term, (the July term), defendant Lowry appeared and filed his affidavit, stating that there is not as he verily believes any sum due from him to the plaintiff upon the demand stated in the plaintiff's declaration.  Thereupon the defendant Lowry was permitted to plead *nil debet* and to file two special pleas in writing; and the office judgment was set aside, to all of which the plaintiff excepted.  By one of these special pleas the defendant denies that the note sued on is his act or deed.  By the second plea he says ''that the supposed writing in the declaration mentioned was made, signed and endorsed by the defendant N. P. Stover, for his sole use, benefit and credit, without the knowledge or consent of the said supposed partnership association the maker thereof; and the said supposed maker of the said writing S. T. Lowry & Company never authorized the making of the said supposed writing or recognized the validity thereof in any way or received any benefits arising therefrom; and the making of the supposed writing in the name of the supposed partnership was for the private use and benefit of the said N. P. Stover, one of the defendants in this action, all of which the plaintiff knew or could have known by the exercise of ordinary care and proper diligence, and all of this the defendant is ready to verify.''  Both special pleas were sworn to and issues were joined on all of them.  There were no pleadings on the part of the defendant Stover.  The case was tried to a jury.  After the evidence on both sides had been introduced, the court on motion of the plaintiff instructed the jury to find for the plaintiff for the sum of $425.25; and the jury returned such verdict.  The defendant moved the court to set aside the verdict, and in arrest of judgment thereon, because the verdict was contrary to law and the evidence, and because of the improper rulings of the court on the trial.  The court took time to consider the same, and at the next term, November 11, 1915, entered judgment on the verdict against the defendant Lowry for the sum of $425.25, with interest and costs, to which the defendant excepted.  There was no judgment against Stover; and no reason is assigned why judgment should not have gone against him.  He was properly before the court, and offered no defense—did not plead.

The plaintiff—defendant in error—insists that the court erred in permitting defendant Lowry to plead without filing an affidavit denying the liability of the partnership as alleged in the declaration.   The affidavit denied only the individual liability of Lowry.

Plaintiff cites *Ruffner Bros.* v. *Montgomery etc.*, 61 W. Va. 62 as authority.   That case was inaccurately reported.   The syllabus is not authorized by the opinion of the full court. The opinion of the court was prepared by one of the judges, and concurred in by another; three of the judges dissented from this view, and it is so stated in the opinion, yet the syllabus follows the views of the minority of the court.   By some inadvertence this error was not discovered at the time.   It was a partnership case.   Plaintiffs had filed the affidavit authorized by section 46, chapter 125 of the Code.   The defendant B. M. Hancock filed a counter affidavit denying that there was any sum due from her to the plaintiffs.   The other defendant filed an affidavit denying that there was due from him to the plaintiffs the sum demanded, but admitted a part. To the filing of these affidavits plaintiffs excepted.   The court overruled the exceptions, permitted the affidavits and pleas to be filed, and set aside the office judgment.   There was a trial by the court, and judgment against Montgomery; and the court found for the other defendant.   Plaintiffs appealed and insisted that the court erred in permitting the pleas to be filed and setting aside the judgment.   Two members of the court were of opinion that this judgment was erroneous, and an opinion was prepared taking that view; but the other three members refused to concur.   The judge in his opinion says: ''In my view of the case, because of the insufficiency of the affidavits, the pleas and affidavits should have been rejected and judgment entered in favor of plaintiffs under section 46, chapter 125 of the Code;   *   *   *   ———, Judge, concurs with me in this view, but the majority of the court are of opinion that the judgment should be reversed, and the case remanded.''   If the minority view had been sustained, judgment would have been rendered against both defendants in this court.   By some oversight the syllabus was published as the opinion of the court.   It appears as the opinion of the

court, when in fact it was concurred in by only two members; the majority disapproved it.

It will be observed that the affidavit filed in the case at bar is almost identical with the one filed by B. M. Hancock, which was approved by a majority of the court. We are of opinion that this affidavit of Lowry was sufficient to justify the court to permit him to file a proper plea, and by pleading "to issue" the office judgment against him would be set aside.

Defendants who are members of a firm may have separate or personal defenses. A plea filed by one would have the effect of setting aside an office judgment against him, but not as to his co-defendants. The language of the court on the filing of the affidavit of Lowry is, "and the office judgment heretofore entered was then and there set aside; thereupon the defendant pleaded 'nil debet'." This language is broad enough to include both defendants in the order setting aside the office judgment, but as the affidavit was filed only on behalf of the defendant Lowry, and the pleas were filed by him personally, it is plain that it was intended to set aside the office judgment as to Lowry only.

"Where one of several defendants appears and files a plea to an action of debt, which sets up no defense as to any but himself, and no plea is entered for or by the co-defendants, the office judgment is not set aside as to any of the parties but the one who moves so to do, and judgment becomes final against all others on the last day of the term at which the case is docketed." *Creigh et al.* v. *Hedrick, use, &c.,* 5 W. Va. 140. The court did not err in permitting Lowry to file his affidavit and to plead, or in setting aside the office judgment as to him.

It is insisted that it was error to enter judgment against the defendant Lowry without taking judgment against his co-defendant Stover. There is no question as to the liability of Stover, if judgment should go against Lowry. True, the judgment against Stover would not be entered until the issues raised by Lowry were disposed of, but if those issues should be found against Lowry, and judgment rendered against him, it would be error not to include Stover, who has failed to plead. *Carlon's Admr.* v. *Ruffner et al.,* 12 W. Va.

297, point 11 of syllabus; *State ex rel Kloak Bros. & Co.* v. *Corvin et al.,* 51 W. Va. 19. The judgment would have to be reversed, and the verdict set aside for this reason alone, if there were no other errors.

The appellant asks that the judgment of the circuit court be reversed because the court directed the jury to find for the plaintiff. It is insisted that it was a proper case for determination by the jury. The plaintiff, on the trial, offered evidence tending to prove the partnership, and that the note sued on was signed by Stover, one of the partners; that it was discounted by the bank and the proceeds placed to the credit of Stover, who by his check placed $100.00 of it to the credit of S. T. Lowry & Co. The note was introduced in evidence. The cashier of the bank, who received the note for discount, testifies that the body of the note and the signatures are all in the handwriting of Stover, and that no part of it has been paid. Lowry says he knew nothing about the note until a short time before it became due, when the bank notified him; and that Stover had no authority to sign the note for the partnership or borrow money for the firm. The issue presented by one of the defendant's pleas, and in which the plaintiff joined, is in substance that the note sued on was made by Stover for his sole use and benefit; without the authority, knowledge or consent of the firm; that the firm never authorized the making of, or recognized the said note, or in any way received any benefits arising therefrom; and that the making of the note in the name of the firm was for the private use and benefit of the said Stover, all of which it is alleged the plaintiff knew or by the exercise of ordinary care and proper diligence could have known. As this case will have to be remanded for a new trial, it is not proper for the court now to say more than that the evidence is such that the court should have submitted the case to the jury.

We must not be understood as approving the special plea No. 2. Proof of the facts alleged in that plea might have been given under the plea *non est factum,* but the plea was not objected to, and we simply call attention to it here as not being good pleading.

"Where the law, sustained by a plain preponderance of the

evidence, about which two reasonable minds could not differ, is in favor of either side, the court should not hesitate to direct a finding, for thereby justice is promoted, a useless controversy brought to an end, and time, costs, and fruitless labor saved to the litigants, the court, and the public." *White* v. *Hoster Brewing Co.,* 51 W. Va. 259. But, "if in any possible view of the evidence a verdict would be sustained in favor of the plaintiff, the court may not instruct in favor of the defendant, although the seeming preponderance of the evidence is with him. It is not the mere preponderance of the evidence that justifies the instruction, but it is only when the preponderance is so plain that a verdict in opposition thereto ought not to be permitted to stand." *White* v. *Hoster Brewing Co., supra.* The court should never direct a verdict for one party except in a case where if the jury should return a verdict for the other party, the court would be compelled to set such verdict aside..

Under these circumstances the court should have permitted the case to go to the jury, with proper instructions. It was for the jury to say whether or not the defendant had proven his contention under his special plea.

We are of opinion to reverse the judgment, set aside the verdict, and remand the case for a new trial.

> *Reversed, verdict set aside, and case remanded for new trial.*