## Staunton.

### PERKINS V. MINERS' BANK OF COMMERCE.

#### September 17, 1919.

1. DEFAULT JUDGMENT—*Setting Aside—Answer by Partner—Case at Bar.*—In an action of assumpsit the declaration alleged that defendant was a partnership composed of several parties, naming them. The alleged partners were duly served with process and upon their failure to appear an office judgment was entered against them. At the next succeeding term of the court, and before the expiration of the fifteenth day thereof, one of the defendants appeared and entered a plea of non-assumpsit, and filed therewith his affidavit to the effect that no such partnership as that alleged in the declaration existed, or had existed.

   *Held:* That the plea of nonassumpsit entered by the alleged partner, without affidavit, was sufficient to put in issue as to him the existence of the partnership, and that alone would have been effective to set aside the office judgment. The only additional effect of the affidavit was to put upon the plaintiff the burden of proving the partnership, a fact which may be, and often is, quite collateral to the issue.

2. DEFAULT JUDGMENT—*Setting Aside—Answer by Partner—Case at Bar.*—In the instant case defendants were sued as composing an alleged partnership and an office judgment entered against them. Thereupon, in due time, one of the defendants entered a plea of nonassumpsit and an affidavit alleging that no such partnership exists and that he had never been a member of such partnership as alleged in the declaration.

   *Held:* That this plea and affidavit did not "put the matter in issue" as to other alleged partners, and could not inure to their benefit. While entirely sufficient to set aside the office judgment as to the defendant making the plea, it could not have that effect as to other defendants.

Error to a judgment of the Circuit Court of Wise county in an action of assumpsit. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*A. N. Kilgore,* for the plaintiff in error.

*Bond & Bruce* and *A. P. Crockett,* for the defendants in error.

KELLY, J., delivered the opinion of the court.

This is an action of assumpsit brought by the Miners' Bank of Commerce against the Coeburn Lumber and Planing Mill Company as maker, and certain other persons as endorsers, upon a negotiable promissory note.

The declaration alleges, *inter alia,* that "the Coeburn Lumber and Planing Mill Company, a partnership composed of E. T. Kiser, J. C. Perkins, Rhoda Perkins and A. B. Quillen, made a certain note in writing dated February 19, 1917, and subscribed their partnership name thereto, whereby they promised to pay to the Miners' Bank of Commerce * * * the sum of $500.00."

Process was duly executed upon all of the alleged partners and certain of the endorsers, none of whom appeared at rules, and an office judgment was accordingly entered against them. At the next succeeding term of the court, and before the expiration of the fifteenth day thereof, the defendant A. B. Quillen appeared, entered a plea of non-assumpsit and filed therewith his own affidavit to the effect "that no such partnership as that alleged in plaintiff's declaration now exists, or has ever existed; that he has never been a member of such partnership, as alleged in plaintiff's declaration; and that he did not make or cause to be made the note mentioned in plaintiff's said declaration." Thereupon, the office judgment as to A. B. Quillen was set aside, and subsequently on motion of the plaintiff in the cause was

dismissed as to him. All of the other defendants against whom judgment had been entered in the office still failing to appear, the court, on the fifteenth day of the term, entered a judgment by default against them.

Thereafter, and in due time, Rhoda Perkins, one of the defendants and the plaintiff in error, moved the court, pursuant to section 3451 of the Code, to set aside the judgment against her "for errors appearing of record" in the proceedings recited above. This motion was overruled, and to that ruling this writ of error was awarded.

It is contended, and this contention gives rise to the sole question presented for our decision, that upon the filing of the plea and affidavit of A. B. Quillen, it became the duty of the circuit court to set aside the office judgment as to all of the other alleged partners, and require the plaintiff to prove the existence of the partnership as to all of the alleged partners.

Every office judgment, in cases like this one, becomes final, unless previously set aside, on the last day of the succeeding term of court, or on the fifteenth day thereof, whichever happens first. Code, sec. 3287.

Section 3288 of the Code provides: "If a defendant against whom a judgment is entered in the office, whether an order for an inquiry of damages has been made therein or not, shall, before it becomes final, appear and plead to issue,  *  *  *  the judgment shall be set aside unless an order for inquiry of damages has been executed; in which case, it shall not be set aside without good cause. Any such issue may be tried at the same term, unless the defendant show good cause for a continuance."

[1, 2] The foregoing are the statutory provisions, and the only ones, which are material to the decision of this case. Section 3280 of the Code, relied upon by the plaintiff in error, is not pertinent. That section is as follows: "Where

plaintiffs or defendants sue or are sued as partners, and their names are set forth in the declaration or bill, or where plaintiffs or defendants sue or are sued as a corporation, it shall not be necessary to prove the fact of the partnership or incorporation, unless with the pleading which puts the matter in issue, there be an affidavit denying such partnership or incorporation."

Quillen's plea of non-assumpsit, without the affidavit, was sufficient to put in issue as to him the existence of the partnership. (*Shepherd* v. *Frys*, 3 Gratt. [44 Va.] 442, 444), and that alone would have been effective to set aside the office judgment. The only additional effect of the affidavit was to put upon the plaintiff the burden of proving the partnership, a fact which may be and often is quite collateral to the main issue. His plea, however, set up no defense as to any one except himself, and his affidavit cannot be given any wider effect than the plea. In other words, the plea did not, to use the language of the statute, "put the matter in issue" as to Rhoda Perkins, and, therefore, could not inure to her benefit. The only method by which she could have had the office judgment set aside as to her was to appear in time and plead to issue (Code, sec. 3288; Burks' Pl. & Pr., sec. 185, p. 275). This she failed to do, and the judgment became final.

In *Creigh* v. *Hedrick*, 5 W. Va. 140, an action of debt, the plaintiff sued three obligors, Creigh, Feamster and Montgomery, upon a joint bond. There was an office judgment as to all three defendants. Feamster and Montgomery appeared at the following term and filed pleas setting up defenses not available to Creigh. Thereupon, the trial court made an order, recited as being "on the motion of defendants," whereby the judgment entered at rules was set aside. On appeal the supreme court of West Virginia said: "It is now insisted here that by this order the office judgment

had at rules against Craigh, was not set aside, but that it became final on·the last day of the term of the court. The language of the order is broad enough to include all of the defendants, but so far as can be gathered from the record the pleas filed at that term were filed by the defendants, Feamster and Montgomery, only, so that it must be intended that they are the only defendants referred to. Moreover, the pleas filed by Feamster and Montgomery only could not have been received to set aside the office judgment against Creigh, as they set up no defense as to him. Code of Virginia 1860, p. 714, ch. 171, sec. 45 (same as 3288) ; *Enders* v. *Burch*, 15 Gratt. (56 Va.) 64; *Alderson* v. *Gwinn*, 3 W. Va. 229; *Hinton* v. *Ballard*, 4 W. Va. 582. It must be held that the judgment against Creigh became final on the last day of the April term 1867 of the circuit court, and all proceedings had in the cause subsequent to that date, in respect to Creigh, are nullities."

In the case of *Bank of Greenville* v. *Lowry*, 79 W. Va. 10, 14, 90 S. E. 390, 391, an action against Lowry and Stover as partners, the Supreme Court of West Virginia says: "Defendants who are members of a firm may have separate or personal defenses. A plea filed by one would have the effect of setting aside an office judgment against him, but not as to his co-defendants. The language of the court on the filing of the affidavit of Lowry is:

"And the office judgment heretofore entered was then and there set aside; thereupon the defendant pleaded *'nil debet.'* "

This language is broad enough to include both defendants in the order setting aside the office judgment, but as the affidavit was filed only on behalf of the defendant Lowry, and the pleas were filed by him personally, it is plain that it was intended to set aside the office judgment as to Lowry only.

" 'Where one of several defendants appears and files a

plea to an action of debt, which sets up no defense as to any but himself, and no plea is entered for or by the co-defendants, the office judgment is not set aside as to any of the parties but the one who moves so to do, and judgment becomes final against all others on the last day of the term at which the case is docketed." " Citing *Creigh* v. *Hedrick, supra.*

We have been referred to a number of authorities from other jurisdictions which are more or less in point, but we deem it unnecessary and profitless to review them. The question is simply one of statutory construction, and we entertain no doubt that under the terms of the Virginia statutes a simple plea of non-assumpsit by one partner, either with or without an affidavit of the character filed in this case by the defendant Quillen, while entirely sufficient to set aside the office judgment as to him, could not have that effect as to the other defendants.

We find no error in the judgment complained of, and the same must be affirmed.

*Affirmed.*