# Staunton.

## O. L. Standard Dry Goods Company v. Hale and Pressley.

### September 22, 1927.

1. PARTNERSHIP—*Action Against Partnership—Special Plea of one Partner Denying Liability—Case at Bar.*—The instant case was an action against a partnership to recover upon an open account for merchandise sold the firm. One of the alleged partners filed a plea of the general issue, and in addition filed a special plea in writing verified by affidavit, to the effect that he did not owe the sum sued for, or any part thereof. The court's refusal to strike out this written plea was assigned as error. It was the contention of the plaintiff that since the notice of motion alleged a partnership obligation, no plea should be received which failed to deny the partnership, and which set up a purely personal defense. The basis of the plea was the action of the alleged partner in notifying his partners not to purchase goods on the firm's account, and the notification given by him to the plaintiff that if the goods were shipped he would not be responsible therefor.

   *Held:* That the court did not err in refusing to strike out the plea, as the question of partnership was not involved in the defense relied upon.

2. PARTNERSHIP—*Action Against Partnership—Plea of General Issue by Alleged Partner—Existence of Partnership.*—In an action against a partnership for goods sold to the firm, where one of the alleged partners filed a plea of the general issue, he was entitled to put in issue as to him the existence of the partnership.

3. PARTNERSHIP—*Action Against Partnership for Goods Sold Firm—Pleading—Grounds of Defense not Sworn to—Case at Bar.*—In the instant case, an action against a partnership to recover upon an open account for merchandise sold the firm, it was assigned as error under section 6046 of the Code of 1919, that the court, over the objection of the plaintiff, permitted one of the alleged partners to "file and rely upon grounds of defense which were not sworn to nor accompanied by affidavit." Section 6046 of the Code of 1919 provides that when a plaintiff shall file with his notice of motion an account, stating distinctly the several items of his claim, verified by affidavit, then

no plea in bar or defense to the merits shall be received on the part of the defendant, unless accompanied by such affidavit as is prescribed by section 6133 of the Code of 1919. The record showed that the defendant in question had filed a plea verified by affidavit denying that the sum, or any part thereof, sued for, was due the plaintiff.

*Held:* That this was all that was required under the provisions of section 6133 of the Code of 1919.

4. Bill of Particulars—*Grounds of Defense—Section 6091 of the Code of 1919—Object of the Statute.*—Section 6091 of the Code of 1919 provides that in any action or motion the court may order a statement of the particulars of the claim or of the ground of defense to be filed. The main object of this statute is to give the opposing party more definite information of the character of the claim, or the defense, than is disclosed by the declaration, notice or plea.

5. Pleading—*Whether Grounds of Defense Part of the Pleading—Demurrer.*— The statement of the grounds of defense does not constitute the issue to be tried, is no part of the pleading, and is not subject to demurrer, but is amenable to objection if insufficient.

6. Pleading—*Grounds of Defense—Verification.*—The statute (section 6091 of the Code of 1919) does not, in specific terms, require, nor does the language import, that the grounds of defense should be sworn to.

7. Appeal and Error—*Grounds of Defense—Discretion of Trial Court.*— Whether or not a defendant will be required to file his grounds of defense rests in the sound discretion of the trial court and the exercise of this discretion will not be the basis of reversal unless it plainly appears that the court has abused the same.

8. Partnership—*What Constitutes Partnership—Instructions.*—In an action against a partnership, plaintiff requested an instruction that if one of the alleged partners agreed to share in the profits of the firm and contributed his time and labor as his part in such business, then such acts constituted him a partner in such business, whether such facts were known to third parties or not. The court refused to give this instruction because it was based upon two facts not proven and ignored the other evidence in the case.

*Held:* That the court did not err in its refusal to give the instruction.

9. Partnership—*What Constitutes Partnership—Sharing in the Profits.*— To share in the profits alone does not in law make one a partner.

10. Partnership—*Action Against Partnership—Instructions—Conflicting Instructions.*—In an action against a partnership, the refusal of the court to instruct the jury that if they believed from the evidence that one of the defendants was a partner at the time the goods sued for were bought and at the time the goods were received by the firm and used in the ordinary course of the business of the firm, then that defendant was liable as were all the partners, was not error, as the instruction was in direct conflict with an instruction for defendant, which correctly stated the law.

11.   PARTNERSHIP—*Action Against Partnership—Instructions—Partner Notifying Plaintiff not to Ship Goods and that He would not be Responsible if Shipped—Case at Bar.*—In the instant case, an action against a partnership to recover upon an open account for merchandise sold the firm, the court instructed the jury that if one of the defendants, a member of the firm, "notified the plaintiff not to ship the goods represented by the account sued on and that he would not be responsible therefor, before the shipment was made, you should find for him. The burden of proof is upon him to prove this by a preponderance of the evidence and unless you so believe from the evidence he would be liable as a member of the firm for the debt sued on."

    *Held:*   No error.

12.   PARTNERSHIP—*Notice—Partner Limiting His Liability.*—A partner, by giving notice to persons dealing with the firm not to extend credit to his copartner, may limit his liability so that he will not be liable for goods furnished in violation of such notice.

13.   PARTNERSHIP—*Agency—Notice that Partner will not be Bound by Acts of Another Partner.*—The rule of law that one partner can bind all the members of the firm about matters within the scope of the partnership business rests upon agency, the principle being that all partners have agreed that he should do so. But a partnership may be dissolved, and then the power to bind all ceases after notice of dissolution. Likewise it is clear that notice that the authority to bind all did not exist in one partner would relieve from liability the other partner, just as after dissolution he is no longer bound. It is notice that the implied agency had ceased, and the fact that goods ordered after such notice came to the firm and were used by the firm, does not alter the rule.

Error to a judgment of the Circuit Court of Buchanan county, in a proceeding by motion for a judgment for money. Judgment for named defendants. Plaintiff appeals.

*Affirmed.*

The opinion states the case.

*F. W. Smith,* for the plaintiff in error.

*Chase, McCoy & Rose, W. O. Leftwich* and *F. M. Clevinger,* for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

This was a proceeding by notice of motion instituted in the circuit court by the plaintiff in error against James Hale, Zed Hale and Elbert Pressley, trading as partners under the style and firm name of Hale & Pressley, to recover judgment upon an open account of merchandise sold the firm, amounting to the sum of $551.17.

Upon the call of the case, James Hale admitted liability; Zed Hale filed an affidavit denying that he was a partner in the firm of Hale & Pressley, and also filed a plea of the general issue; Elbert Pressley filed a plea of the general issue, and in addition thereto filed a special plea in writing verified by affidavit.   This plea is as follows:

"The said defendant by his attorney comes and says that he does not owe the sum of $551.17 with interest from May 1, 1926, or any part thereof, as demanded by the plaintiff in this cause.   And of this the said defendant puts himself upon the country."

Before the jury was sworn to try the issue joined, plaintiff in error moved the court to strike out the plea filed by defendant, Pressley, which motion the court overruled.   Thereupon, the plaintiff called upon Pressley for a statement of his grounds of defense, which were accordingly offered, but plaintiff objected to the grounds of defense being received because not verified by affidavit.   This objection the court overruled and permitted the grounds of defense to be filed.

There was a trial by jury, which resulted in a verdict against James Hale and in favor of Zed Hale and Elbert Pressley, upon which verdict the court entered the judgment complained of.

It is an admitted fact in the case that Zed Hale, acting for the firm, bought the merchandise in question from plaintiff in error, but before this merchandise was

shipped, Pressley notified the plaintiff not to ship the merchandise and that if same was shipped he would not be responsible for the payment therefor; and also notified plaintiff that the firm was losing money and was going out of business.

While not admitted, it appears in the evidence that before the merchandise was bought Pressley notified · James Hale and Zed Hale not to buy any more goods or merchandise on the firm's account. Why the plaintiff shipped the goods in view of this notification by Pressley is not explained by plaintiff.

[1, 2] The first error assigned is the action of the court in refusing to strike out the written plea of Pressley. It is the contention of the plaintiff that since the notice of motion alleged a partnership obligation, no plea should be received which fails to deny the partnership, and which sets up a purely personal defense. The basis of the plea was the action of Pressley in notifying the Hales not to purchase goods on the firm's account, and the notification given the plaintiff that if the goods were shipped he would not be responsible therefor.

The defense of nonliability on the grounds stated was a separate defense and applied only to the defendant, Pressley. Subjoined, however, to the special plea in writing was the plea of the general issue. Under this plea the defendant was entitled to put in issue as to him the existence of the partnership. *Perkins* v. *Miners' Bank of Commerce*, 126 Va. 69, 101 S. E. 50. However this may be, the question of partnership was not involved in the defense relied upon.

In *Bank of Greenville* v. *Lowry & Co.*, 79 W. Va. 10, 90 S. E. 390, it appears that Lowry and Stover were partners in the grist mill business. Stover executed a note in the firm name in favor of the Bank of Green-

ville. The note was discounted by the bank and the proceeds placed to the credit of Stover. The note was not paid at maturity and suit was brought against the firm to enforce collection. Upon the call of the case for trial, Lowry appeared and filed his affidavit, denying that he was indebted to the bank in any sum. Over the objection of the plaintiff Lowry was also permitted to plead *nil debet* and file two special pleas. There was an instructed verdict for the plaintiff, and Lowry was granted a writ of error. In the opinion of the court this is said: "The plaintiff * * * insists that the court erred in permitting defendant Lowry to plead without filing an affidavit denying the liability of the partnership as alleged in the declaration. The affidavit denied only the individual liability of Lowry." In passing upon this contention adversely to the bank, the court said: "Defendants, who are members of a firm, may have separate or personal defenses. * * * The court did not err in permitting Lowry to file his affidavit and to plead, or in setting aside the office judgment as to him." The ruling of the trial court conforms to this principle of law and is without error.

[3] It is also assigned as error that the court, over the objection of the plaintiff, permitted "the defendant, Pressley, to file and rely upon grounds of defense which were not sworn to nor accompanied by affidavit in support thereof before filing." Section 6046 of the Code is invoked to show that this action of the court constituted error. This section provides that when a plaintiff shall file with his notice of motion an account, stating distinctly the several items of his claim, verified by affidavit, then no plea in bar or defense to the merits shall be received on the part of the defendant, unless accompanied by such affidavit as is prescribed by section 6133 of the Code. The record shows and the

certificate of the trial judge so states, that the defendant, Pressley, had filed a plea verified by affidavit denying that the sum, or any part thereof, sued for, was due the plaintiff. This was all that was required under the provisions of section 6133.

In *Moreland* v. *Moreland*, 108 Va. 93, 60 S. E. 730, it is held that this section is fully complied with whenever it appears that the defendant orally directed the clerk to file for him a plea of nonassumpsit, and lodged with the clerk for filing a counter affidavit.

[4] Section 6091 of the Code provides that in any action or motion the court may order a statement of the particulars of the claim or of the grounds of defense to be filed. The main object of this statute is to give the opposing party more definite information of the character of the claim, or the defense, than is disclosed by the declaration, notice or plea. *City of Richmond* v. *Leaker*, 99 Va. 6, 37 S. E. 348.

[5–7] The statement of the grounds of defense does not constitute the issue to be tried, is no part of the pleading, and is not subject to demurrer, but is amenable to objection if insufficient. The statute does not, in specific terms, require, nor does its language import, that the grounds of defense should be sworn to. Whether or not a defendant will be required to file his grounds of defense rests in the sound discretion of the trial court and the exercise of this discretion will not be the basis of reversal unless it plainly appears that the court has abused the same. There is no merit in this assignment of error.

After the evidence in the case had been concluded, the plaintiff asked for two instructions, as follows:

"The court tells the jury that if Zed Hale agreed to share in the profits of the business of Hale and Pressley and that Zed Hale contributed his time and labor as

his part in such business, then such acts constitute him a partner in such business, whether such facts were known to third parties or not.

"The court instructs the jury that if they believe from the evidence that Elbert Pressley was a partner at the time goods in the particular account were bought and at the time the goods were received by the firm and used in the ordinary course of the business of said firm, then the defendant, Elbert Pressley, is liable on said account as are all the partners."

These two instructions were refused by the court and in lieu thereof three instructions were given on motion of the defendants. The basis of the court's refusal to give instruction No. 1, offered by the plaintiff, is set forth in a note to Bill of Exception No. 3, as follows:

[8, 9] "The court refused this instruction because it is based upon two facts not proven and ignores the other evidence in the case. Besides, to share in the profits alone does not in law make one a partner. *Atlantic C. L. R. Co.* v. *Townsend,* 124 Va. 490, 501, [98 S. E. 684]; *Jarvis* v. *Wallace,* 139 Va. 171, 176 [123 S. E. 374]."

[10, 11] We agree fully in the conclusion of the trial court, and it was not error to refuse this instruction. It was not error to refuse plaintiff's instruction No. 2, as it is in direct conflict with defendant's instruction No. 1, which correctly states the law. Defendant's instructions given, and which are complained of by the plaintiff, are as follows:

"I. If the jury believe from the evidence that Elbert Pressley, member of the known firm of Hale & Pressley, and one of the defendants, notified the plaintiff not to ship the goods represented by the account sued on and that he would not be responsible therefor before the shipment was made, you should find for him. The

burden of proof is upon him to prove this by a preponderance of the evidence, and unless you so believe from the evidence he would be liable as a member of the firm for the debt sued on.

"II. If the jury believe from the evidence that Zed Hale had an undivided interest in the business of Hale & Pressley then he was a member of the firm.

"III. The court instructs the jury that unless they believe by a preponderance of the evidence that Zed Hale was a member of the firm of Hale & Pressley they will find for the defendant, Zed Hale."

As stated, *supra*, the undisputed fact is that Pressley notified the plaintiff before shipment not to ship the goods ordered by Zed Hale and the evidence tends to show that the two Hales were notified not to purchase the goods.

In 20 R. C. L., page 954, it is said: "A contract of partnership containing no stipulations as to the time during which it shall continue in force does not endure for the life of the partners, or either of them, or for any longer time than their mutual consent. Such a partnership may be dissolved by the agreement of the members, or by the act of any partner alone proceeding in accordance with his own will and pleasure, and at a moment's notice. All that is required is that notice of the dissolution must be communicated forthwith to the other members of the firm. By such notice the partnership is dissolved."

[12, 13] In 30 Cyc., page 493, the law is stated thus: "A partner, by giving notice to persons dealing with the firm not to extend credit to his copartner, may limit his liability so that he will not be liable for goods furnished in violation of such notice."

In *Dawson, Blackmore & Co.* v. *Elrod*, 105 Ky. 624, 49 S. W. 465, 88 Am. St. Rep. 320, which Mr. Freeman

denominates the principal case on the question, a similar instruction to instruction No. 1 was approved by the appellate court. The *Dawson-Blackmore · Case* is directly in point. It there appears that the Mercantile Company instituted its action against Elrod and Hansford, as partners under the style of Walter Elrod & Company, upon an account of goods and merchandise sold to that firm. Hansford made no defense. Elrod admitted the sale and delivery of the goods, and that they were used by the firm, but denied liability therefor, for the reason, as alleged, that before the goods were sold or delivered he notified the company that he would not be bound to pay for any purchase made by Hansford on a credit or on time, and that he had also notified Hansford not to buy any goods except for cash; that, notwithstanding this notice to both Hansford and the company, the goods were sold and delivered to Hansford. On the motion of Elrod the court gave one instruction as follows:

"If you believe from the evidence that defendant, Elrod, before the fifth day of April, 1894, gave notice to Adams not to sell Hansford any more goods on credit, you will find for defendant; but .unless you so believe from the evidence, you will find for plaintiff."

In holding this instruction to be a correct statement of the law, White, J., said: "It was shown that the sale was made by Adams, agent and stockholder in appellant company. We are of opinion that this instruction embraced the law of this case. The rule of law that one partner can ·bind all the members of the firm about matters within the scope of the partnership business rests upon agency, the principle being that all the partners have agreed that he should do so. This agreement to be bound by the acts of one within the scope of the business is implied by law from the very

nature of the association, and from the customary course of dealing. But a partnership may be dissolved, and then the power to bind all ceases after notice of dissolution. Likewise it seems clear that notice that the authority to bind all did not exist in one partner would relieve from liability the other partner, just as after dissolution he is no longer bound. The partner selling or trading with one partner cannot bind the other partner after notice that he will not be bound. It is notice that the implied agency had ceased. Nor do we think this rule is changed by the fact that the goods came to the firm and were used by the firm. This might have been the very thing that the appellee did not desire, and the very thing he undertook to guard against; yet if the acts of his partner against his wishes and over his protest, in receiving the goods and using them, can bind appellee to pay for them, the notice to appellant might as well not have been given. The effect of the notice, if given, must be to put the seller on notice that, 'if you sell over my protest, in no event will I be liable.' This view is sustained by *Monroe* v. *Conner*, 15 Me. 178, 32 Am. Dec. 148.''

This statement of the law completely disposes of the question involved in the instant case.

The judgment of the trial court is plainly right and will be affirmed.

*Affirmed.*