IN THE MATTER OF THE APPLICATION FOR ISSUANCE OF SUBPOENAS DIRECTED TO G. E. CONDE AND C. J. WELZ.

Submitted August 17, 1948—Decided September 11, 1948.

For the petitioner, E. I. DuPont de Nemours & Company, Incorporated, *Hicks, Kuhlthau, Thompson & Molineux* (*Douglas M. Hicks,* of counsel).

For the respondent, Universal Moulded Products Corporation, *R. E. & A. D. Watson* (*A. Dudley Watson,* of counsel).

BURLING, J. This is an application made by E. I. DuPont de Nemours & Company, Incorporated, to set aside a certain order of this court dated July 7th, 1948, which *ex parte* order was made by Mr. Justice Bodine directing the issuance of subpœnas to G. E. Conde and C. J. Welz. The summer schedule of this court for reception of motions was in effect and a petition was presented to and a rule to show cause why this order should not be set aside was allowed by Mr. Justice Donges and made returnable and argued before me on August

19th, 1948. The pertinent facts as they appear from affidavits and counter-affidavits are as follows:

The Universal Moulded Products Corporation, a Delaware corporation, commenced a civil action in the Corporation Court for the City of Bristol, Virginia, against E. I. DuPont de Nemours and Company. The defendant filed a plea of general issue. Under Virginia procedure, the action was at issue as the defendant had pleaded the general issue. *Big Sandy & Cumberland Railroad Co.* v. *Ball*, 133 *Va.* 431; 113 *S. E. Rep.* 722; *O. L. Standard Dry Goods Co.* v. *Hale*, 148 *Va.* 640; 139 *S. E. Rep.* 300. The plaintiff in that action filed a petition under the New Jersey statute (*R. S.* 2:100–36) to obtain the process of subpœna directed to Conde and Welz, two employees of defendant who are residents of this state. The petition alleged the pendency of the action in the Virginia court; service of notice on defendant on June 30th, 1948, of the intention to take the depositions of G. E. Conde and C. J. Welz (residents of the State of New Jersey) before William D. Danberry, a counsellor-at-law of the State of New Jersey, at his office, Citizens Building, 46 Bayard Street, New Brunswick, New Jersey, on July 16th, 1948, and that the testimony of the said employees was material and prayed for the issuance of subpœnas to be used in said action.

The subpœnas are addressed to *G. E.* Conde and *C. J.* Welz. At common law a legal name consisted of a given and of a surname or family name. Actions are properly so commenced and prosecuted. *Schaffer, Trustee* v. *Levenson Co.* (*Supreme Court,* 1911), 82 *N. J. L.* 61. There seems to be no question of the identity of the persons whose testimony is desired to be taken and no point is made of this fact.

The statute under which the order was made reads as follows:

*R. S.* 2:100–36. "Whenever notice is given or other proceedings are taken for the purpose of examining or taking the deposition of any witness or witnesses within this state, pursuant to the laws of the United States or the laws of any state of the United States, other than this state, or of any foreign country, to be used in any civil action or proceeding pending in any court of the United States, or in any court

of any state of the United States other than this state, or of any foreign country, any justice of the supreme court of this state may, upon application made to him, with proof by affidavit that the testimony of such witness or witnesses is material to the applicant, make an order awarding process of subpœna out of the supreme court of this state, for such witness or witnesses to appear and testify in pursuance of such notice or other proceeding, and before such commissioner or person as shall be named in such order. Source: L. 1900 c. 150, § 60, p. 380 (C. S. p. 2238, § 60) as am. by L. 1914, c. 98, § 2, p. 154 (1924 Suppl. § 70-60)."

Surprisingly enough, although this statute has been on the books since 1900 it has never been the subject of judicial interpretation. In the revision of 1937 it forms a part of title 2, article 7, chapter 100 (*R. S.* 2:100–35 to 2:100–37) relating to testimony of witnesses for use in a foreign jurisdiction. The first section *R. S.* 2:100–35 relates to the practice of execution of a commission out of a court of another jurisdiction and has no significance in this application.

The statute is plain and its import is obvious. It is to facilitate the obtaining of testimony for use in other jurisdictions and is, in a sense, complementary of other sections of our statute, which relate to obtaining testimony in other states for use in our courts, for example, *R. S.* 2:100–26. However, it is not related to those sections either directly or by inference but stands by itself and must be interpreted without reference thereto.

From the plain reading of the statute, all that is required is: (1) That notice be given for the purpose of examining or taking the depositions of any witness within this state to be used in any civil action or proceeding pending in any court of any other state of the United States; (2) that it is taken pursuant to the laws of any other state of the United States; (3) that the testimony is material to the applicant.

From the affidavits before me it appears that notice that depositions were to be taken was given to the defendant, DuPont. It is true that the original order for the subpœna signed by Mr. Justice Bodine was made without notice but the statute does not require notice of application for such an

order to the adverse party. The statute in the instant case was satisfied by the notice to defendant of the intention to take testimony and no further notice was necessary to obtain the order for subpœna from the court.

These conditions have been complied with or exist:

First—as heretofore recited—and it stands undisputed—the notice of intention to take the depositions was given to the defendant to be used in a civil action or proceeding pending in a court of another state of the United States.

Second—the authority to take such depositions is found in the laws of the state, Virginia Code 1942, sections 6226-6227. No commission was necessary to take the depositions without the state. Virginia Code 1942, section 6227. This proof was presented in accordance with *R. S.* 2:98–29 (Uniform Judicial Notice of Foreign Law).

Third—the materiality of the evidence is established. The suit in the Virginia court is based upon the allegation that the defendant furnished defective finishing materials and finishing systems to the plaintiff for use in the plaintiff's business of the manufacturing of radio cabinets. Both *allegata* and necessary *probata* are of a highly technical nature and much of the information necessary to establish plaintiff's case is in the possession of defendant and particularly of these two witnesses who had an intimate connection with the facts.

Reference has been made to pending litigation in this action in the State of Virginia respecting the right of the plaintiff to take the depositions of other witnesses resident of that state. The decision was adverse to the defendant. It is true that an appeal has been taken from the decision. Nevertheless, until reversed it is binding upon the defendant. Another ground upon which defendant based its argument is the offer by defendant to produce both witnesses at the place of trial in Virginia. This is immaterial and is not made a prerequisite by our statute. Defendant confuses this section with the ruling that depositions taken *de bene esse* within this state for use in our courts may not be used if the witnesses are available to testify in person. Refer to *R. S.* 2:100–1. Argument is made that there is no showing that the witnesses are aged, infirm, sick, or about to leave this state. This is

beside the point. The instant statute does not require such a showing. The defendant is attempting to read into this section of the statute the provisions of *R. S.* 2:100–10 which have no bearing in this proceeding.

The statute under which this application is made has as its purpose the obtaining of testimony for use in the courts of another state of witnesses who are beyond the reach of process of its courts but are within the reach of our own process and who are unwilling to voluntarily testify. Like its counterpart, *R. S.* 2:100–35, it is to be liberally construed. *Davis* v. *Lehigh Valley Railway Co.* (*Supreme Court,* 1922), 97 *N. J. L.* 412.

All the reasons which have been raised in the support of the petition have been considered and they are without merit.

The rule to show cause is discharged with costs to the original applicant and an appropriate order may be presented.